*191 OPINION of the Court, by
Ch. J. Botive.
This was an action of assault and battery. The cause was tried on the general issue, and a verdict being found for the plaintiff'for g372 75, the defendant moved the court for a new trial, on the ground that after the verdict was rendered he had discovered that one of the jurors who tried the cause had declared before the trial that if he was on the jury he Would give glOOO damages against the defendant: but the court overruled the motion and gave judgment for the plaintiff, from which the defendant has prosecuted this appeal _
_ We can have no doubt that in point of fact the ground upon which the motion for a new trial was made, w as - sufficiently established. One witness who was introdu-cedin support of the motion, deposed that shortly after the affray which was the subject of the action, he heard the juror declare that if he should be on the jury he would give glOOO against the defendant, and that at different times afterwards he had heard him use similar *192 expressions. Other witnesses, though apparently ⅜ troduced for the purpose of discrediting his testimony, rather corroborate it : for although they say they do not recollect the expression deposed to by the first wit-ness> ^iey declare that they had heard the juror speak hardly of the defendant in relation to the transaction in question. And even the juror himself» though very im-Pr0Perty introduced to prove his own impartiality, docs n°t acquit Itifflself of having prejudged the cause against the defendant: for at the same time that he declares he had no quarrel with, or ill will towards the defendant, and does notrecollectto have used the expressions imputed to him by the first witness, he acknowledges that he had said that he would not be in the shoes of the defendant 'for gl000.
The whole testimony, therefore, concurs in making an impression upon the mind, that the juror was prejudiced (if not against the defendant personally) at least against his cause.
This is not only a good cause of challenge before trial, but when not discovered until after the' verdict, as Was the case in this instance, it is, according to the repeated decisions of this court, a sufficient cause for a new trial. — M’Kinley vs. Smith, Hard. Rep. 167 — Pierce vs. Bush, vol. 3, 347.
Judgment reversed with costs, and the cause remanded that the verdict may be set aside and a new trial awarded.