CASE 86.—ACTION BY IRENE NETTER'S ADMINISTRATOR
AGAINST THE LOUISVILLE RAILWAY CO.—Oct.
5, 1909.

## Netter's Admr. v. Louisville Ry. Co.

Appeal from Jefferson Circuit Court (Common
Pleas Branch, First Division).

EMMET FIELD, Judge.

From a judgment granting insufficient relief, the
plaintiff appeals.—Affirmed.

1. New Trial—Grounds—Inadequacy of Damages.—Civ. Code Prac.
Sec. 341, providing that a new trial shall not be granted on
account of the smallness of the damages, in an action for in-
juries to the person or reputation, "or in any other action in
which the damages equal the actual pecuniary injury sus-
tained," includes not only actions for injury to the person
or reputation, but any other action in which it is sought to
recover damages, whether the action is founded in tort or
on breach of contract, and it applies to an action by a per-
sonal representative for damages for the destruction of de-
cedent's life, and, where the recovery equals the actual pecu-
niary loss, a new trial can not be granted.

2. New Trial—Grounds—Inadequacy of Damages.—In an action
for death, a new trial may be granted where the evidence
shows, even approximately, the pecuniary loss the estate of
decedent sustained, and the amount assessed is insufficient
as compensation, but, where there is no evidence on which
to base an opinion as to the pecuniary loss suffered by the
estate, the verdict will not be disturbed on the sole ground
that it is inadequate.

3. New Trial—Grounds—Inadequacy of Damages.—Where, in an
action for injury to a person, the evidence showed the amount
of the pecuniary loss the injured person had sustained, and
the amount assessed was insufficient as compensation, a new
trial, on the ground of inadequacy of the verdict, might be
granted, but, where a recovery is sought solely for mental
or physical pain, the verdict will not be disturbed on the
sole ground of inadequacy.

4. Street Railroads—Operation of Cars—Care Required.—To relieve a street railroad company from liability for killing a child struck by a car, on the ground that the child came on the track so close to the car that the motorman, by ordinary care, could not stop it in time to prevent the injury, it must appear that the car was run at a reasonable speed.

5. Appeal and Error—Harmless Error—Erroneous Instructions.—Where, in an action for the death of a child struck by a car, the jury found the negligence of the motorman, the error in an instruction stating the law defining the liability of the company in case the child came on the track so close to the car that the motorman could not stop it in time to prevent the injury, arising from the failure to direct the attention of the jury to the speed at which the car was running, was not prejudicial to plaintiff.

6. New Trial—Disqualification of Juror.—Ky. St. 1909, Sec. 2247, providing that service as a juror in any circuit court on the regular panel within 12 months shall be ground for challenge for cause, though adopted in 1906 (Acts 1906, p. 519, c. 156), must be read as a part of section 2253 (section 3076), defining the qualifications of jurors, and providing that the fact that a person not competent served on a jury shall not be cause for setting aside the verdict, adopted in 1893 (Acts 1891-92-93, p. 958, c. 210, Sec. 13), and amended in 1894 (Acts 1894, p. 219, c. 98), and the fact that a juror had served within 12 months does not justify setting aside the verdict.

7. New Trial—Disqualification of Juror—Waiver.—Where. in civil actions, the incompetency of a juror because related to one of the parties, or not fit, by reason of prejudice, to render a fair decision, is not discovered until after trial, the verdict may be set aside, provided due diligence was exercised to discover the facts disclosing the incompetency of the juror before his selection.

EDWARDS, OGDEN & PEAK for appellant.

FRED FORCHT, JR., FAIRLEIGH, STRAUS & FAIRLEIGH and D. W. BAIRD for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Irene Netter, a child about 12 years of age, was run over and killed by a street car operated by the appellee company. This action was brought by her

administrator to recover damages for the destruction of her life—the petition not seeking to recover any special damages. Upon a trial before a jury a verdict was returned in favor of the administrator for $500. Not being satisfied with the amount of the recovery, he prosecutes this appeal, asking a reversal upon two grounds: First, because the damages assessed are inadequate; and, second, for error in instructing the jury.

In reference to the first error assigned, section 341 of the Civil Code of Practice provides that:

"A new trial shall not be granted on account of the smallness of damages in an action for an injury to the person or reputation, or in any other action in which damages equal the actual pecuniary injury sustained; nor shall more than two new trials be granted to a party upon the ground that the verdict is not sustained by the evidence."

Counsel for appellant insist that this section is not applicable to actions to recover damages for injuries resulting in death, urging that it should be limited to actions for personal injuries in cases where death does not result from the injuries sustained. It will be observed that the section is not confined to actions for injuries to person or reputation, but embraces all "other actions in which the damages equal the actual pecuniary injury sustained."

So that, giving to the language used its fair meaning, the section must be held to include not only actions for injury to the person or reputation, but any other action in which it is sought to recover damages, whether the action be founded in negligence or tort, or grow out of the breach of a contract. It follows, therefore, that the section is fully as applicable to an action brought by the personal representative of

a person whose life has been destroyed as it is to an action brought by the injured person in his own behalf. In either case, if the recovery equals the actual pecuniary loss a new trial can not be granted. Therefore the only question left for the courts to determine in actions where this question is presented is whether the damages awarded equal the actual pecuniary injury sustained. If the damages do not equal the actual pecuniary injury sustained, then a new trial may be granted, whether the action is for an injury to the person or an injury to the reputation, or is rested on some other grounds growing out of negligence, breach of contract, or wrongful act. But if in an action for breach of contract or for an injury to the person or the reputation, or an injury resulting from negligence or wrongful act, the damages equal the actual pecuniary injury sustained, a new trial can not be granted, although the damages awarded may seem to be inadequate. .

As no special damages were claimed, and there was no evidence introduced to show what loss, if any, the estate of the decedent sustained by her death, the recovery being sought solely for the destruction of the life of the decedent, we are unable to say with any reasonable or approximate degree of certainty what the pecuniary injury to her estate was. It is true that under our system of practice juries are called upon in every case where a recovery in damages is sought for the destruction of life by negligence or wrongful act to fix the loss the estate of the decedent has suffered by reason of his death; and often they must do this when there is no evidence upon which they can rest their conclusion as to the amount that should be awarded. But this means or method of arriving at and fixing the amount of recovery, al-

though recognized as unsatisfactory, is the best at-
tainable under the circumstances, and hence it is gen-
erally agreed that the verdict of a jury in respect to
the amount awarded will not be disturbed unless it is
flagrantly against the evidence. Verdicts in personal
injury cases and in actions to recover damages when
death has resulted from a tort are often set aside
because the amount of damages awarded is excessive.
And so verdicts in actions to recover damages for in-
juries to the person have been set aside because the
amount awarded was insufficient, in that it did not
equal the actual pecuniary loss sustained. In the
early case of Taylor v. Howser, 12 Bush, 465, the
contention was made that the section of the Code un-
der consideration was divisible into two parts, each
stating a distinct rule of practice; the first part pro-
viding that in no action for an injury to the person
or reputation could a new trial be granted on ac-
count of the smallness of the damages, the second
that a new trial might be granted in actions not in-
volving an injury to the person or reputation if the
damages did not equal the pecuniary loss sustained.
But the court rejected this construction of the sec-
tion, and held that whether the action be for an in-
jury to the person or reputation or rested on other
grounds a new trial might be granted if the amount
awarded did not equal the actual pecuniary injury
sustained; and this construction was followed in Ray
v. Jeffries, 86 Ky. 367, 5 S. W. 867, 9 R. 602.     ,

In Jesse v. Shuck, 12 S. W. 304, 11 Ky. Law Rep.
463, it was held that in an action for personal inju-
ries where special damages were sought to be recov-
ered as for loss of time, cost of medical attention, and
expense in effecting a cure, and there was evidence
showing approximately the amount and value of the

time lost, or the amount expended in effecting a cure, the section of the Code did not deny a new trial if the amount awarded did not equal the loss sustained as shown by the evidence in the particulars mentioned.

To the same effect is Baries v. Louisville Electric Light Co., 118 Ky. 830, 80 S. W. 814, 85 S. W. 1186, 27 Ky. Law Rep. 653. Adopting and following the reason of these cases, we are of the opinion that, in an action to recover damages for loss of life, a new trial might be granted if there was evidence showing even approximately the pecuniary loss the estate of the deceased sustained, and it appeared that the amount assessed was wholly insufficient as compensation. And the same rule would apply in an action for an injury to the person if there was evidence showing the amount of the pecuniary loss the injured person had sustained by reason of his injuries in being deprived of the ability to follow his vocation in life, or otherwise unfitted for the performance of such services as he might have rendered except for his injuries, and this, independent of the amount sought to be recovered as special damages as for lost time or expenses in effecting a cure. But, where a recovery is sought solely for mental or physical pain or suffering, or where the action is to recover damages for the death of a person, and there is no evidence upon which to base an opinion as to the pecuniary loss suffered by his estate, the verdict of the jury will not be disturbed upon the sole ground that it is inadequate. It follows from this that in the case before us we are not at liberty to disturb the finding of the jury upon the ground that the assessment of damages was inadequate, because there was no evidence whatever tending to show the loss the estate of the deceased

sustained by reason of her death, nor any pleading asking compensation in the way of special damages.

In considering the second error assigned, it will be necessary to state briefly the facts. The deceased was run over and received the injury from which she died while attempting to cross Preston street at its intersection with Camp street. Several witnesses on behalf of the plaintiff below testified that the car that struck the deceased was at the time running at a high and unreasonable rate of speed; while other witnesses on behalf of the company said that the car was running slowly, or not at an unusual or unreasonable rate.

With this evidence before the jury upon this vital issue in the case, the court gave instruction No, 4, reading as follows:

"If you shall believe from the evidence that Irene Netter suddenly ran in front of the car, and so close to the car that the motorman in charge of the car could not by the exercise of ordinary care have stopped the car and prevented the injury to Irene Netter, then the law is for the defendant, and you should so find, unless you should further believe from the evidence that after Irene Netter came in peril from the car the motorman could by the exercise of ordinary care have discovered her peril, and by the exercise of ordinary care could have stopped the car or so controlled it as to prevent injury to her. In the last event, the law would be for the plaintiff."

The error in this instruction consists in the failure to incorporate in it the idea that the car at the time deceased was struck was running at a reasonable rate of speed. If the car was running at such a rate of speed that the motorman could not by the exercise

of ordinary care on his part have prevented the injury, even though he had discovered the peril of the child in time to have done so, if the car had been running at a reasonable speed, then the fact that Irene Netter "suddenly ran in front of the car and so close to the car that the motorman in charge of the car could not by the exercise of ordinary care have stopped the car and prevented the injury" would not relieve the company from liability. In other words, to excuse the company upon the ground that Irene Netter came upon the track so close to the car that the motorman in the exercise of ordinary care could not stop it in time to prevent the injury, it was necessary that the car should have been operated at a reasonable rate of speed. This view of the law is fully supported by the cases of Louisville Railway Company v. Buckner (Ky.) 113 S. W. 90; Goldstein's Adm'r v. Louisville Railway Co. (Ky.) 115 S. W. 194; Louisville Railway Co. v. Gaar (Ky.) 112 S. W. 1130; Lexington Railway Company v. Van Laden, 107 S. W. 740, 32 Ky. Law Rep. 1047. But this error is not one that will in this case authorize a reversal, although, if the verdict had been for the railroad company, it would, as then it might be well said that the jury reached the conclusion that the deceased came so suddenly in front of the car that the motorman could not stop it in time to avoid striking her, although they may have believed that, if the car had been running at reasonable speed, the accident could have been avoided.

The omission in the instruction could only have weighed with the jury in considering whether or not the defendant was guilty of negligence, and, as this point was decided in favor of the plaintiff, it is clear that the instruction was not prejudicial, and that the

failure to direct their attention to the speed at which the car was running did not influence the jury in reaching the conclusion that the accident could have been avoided. Before the jury could find for the plaintiff in any sum, they must have agreed that the defendant company was guilty of negligence, and, having so agreed, the next question was the amount to be awarded.

Complaint is also made that the court erred in refusing to sustain a challenge for cause presented against George Deucer, who was summoned as a juror. Section 2247 of the Kentucky Statutes provides in part that: "If a juror drawn from the drum or wheel case has served in any circuit court on the regular panel within twelve months, such service shall be ground for challenge for cause; if a juror is summoned as a bystander, after having within twelve months served on any jury in any circuit court as a bystander, such service shall be ground for challenge for cause; and if the name of a juror does not appear on the last returned assessor's book for the county, it shall be ground for challenge for cause."

The record is not clear upon the question that Deucer was asked if he had served as a juror within the last year in any of the divisions of the Jefferson Circuit Court, or that he answered "No." This trial was had in March, 1907, and the transcript of the official stenographer shows that, when Deucer was challenged for this cause, "it appeared that said juror had not served as a juror in any division of the Jefferson Circuit Court since October last." The bill of exceptions recites that Deucer was asked if he had "served as a juror within the last year in any of the divisions of the Jefferson Circuit Court," to which he answered "No." While the affidavit of the

counsel who propounded the question to Deucer recites that, when Deucer was asked if he had served in either of the divisions of the Jefferson Circuit Court within the last year, he answered "No, sir; that he had served in one of the divisions last April, but had not served in either of the divisions since the beginning of the present term of the court, to wit, October, 1908." But whatever Deucer's answer was, and whether true or false, the failure of the court to sustain a challenge to him and the fact that he remained on the jury is no ground for a new trial. If we should assume that Deucer had served on the regular panel of a jury in the Jefferson Circuit Court within a year, and if when inquired of concerning his service as a juror he answered "that he had so served," that yet the challenge would have been overruled, or if we should assume that he falsely answered and his false answer induced the court to rule him competent, it would not yet be such error as would authorize us to reverse the case.

Section 2253 of the Kentucky Statutes (Russell's St. Sec. 3076), after describing the qualifications of a juror, mentions a number of persons who are incompetent to sit on a jury, and then provides: "But the fact that a person not competent served on a jury shall not be cause for setting the verdict aside, nor shall exceptions be taken to any juror for such cause after the jury has been sworn. This section is part of an act of 1893 (Acts 1891-92, 93, p. 958, c. 210, Sec. 13), as amended by an act of 1894 (Acts 1894, p. 219, c. 98), while section 2247, supra, is an act of 1906 (Acts 1906, p. 519, c. 156); but in our opinion so much of the act of 1906 as relates to the qualifications of jurors should be read in connection with and as a part of section 2253.

In other words, in addition to the qualifications for. jury service specified in section 2253, there should be added the disqualification arising from service on a regular panel within a year. The provisions in both acts in so far as they concern the qualifications of jurors relate to the same subject and the construction that is given to the one should be applied to the other. Especially should this construction prevail in view of the fact that section 2247 does not provide the practice in the event the challenge is overruled, or declare what effect the incompetency of a juror shall have on the verdict. If the fact, that a person who is not a citizen, or 21 years of age, or a housekeeper, is not ground for setting aside a verdict made by a jury of which such person was a member; neither should service upon a regular jury within a year be cause for setting the verdict aside. It was intended by the statute that the trial judge should have the final disposition of questions touching the competency of jurors in so far as their qualifications are described in the sections of the statute we have been considering. The Legislature evidently assumed that if a juror was challenged in time because incompetent under the statute, and it was made to appear that the challenge was well taken, the trial judge would excuse the persons challenged, and we have no doubt. in the present case that, if the trial judge had understood that Deucer had served on a regular panel of the Jefferson Circuit Court within a year, he would have promptly sustained the challenge made to him for this cause. But, if the trial judge refuses to sustain a challenge upon the ground that the person challenged does not possess the statutory qualifications of a juror, that ends the matter; and his erroneous ruling will not be grounds for setting aside the verdict.

As said in Finley v. Hayden, 3 A. K. Marsh. 330:
"The exception to a juror because he is not a house-
keeper of the county is, no doubt, a valid one, and
ought to be sustained when taken in proper time; but,
as it is an exception which does not affect the impar-
tiality or intelligence of the juror, it can furnish no
presumption against the justice of the verdict; and
it was held in the case of Bratton v. Bryan, 1 A. K.
Marsh. 212, and in the case of Rennick v. Wathal, 2
A. K. Marsh. 23, that it was too late to take the ex-
ception after a trial of the cause."

If, however, in civil cases the fact that a juror is
related to one of the parties, or is shown to have ex-
pressed an opinion as to the merits of the case, or for
other substantial cause is not fit by reason of preju-
dice or partiality for or against one of the parties
to render a fair decision, and the fact of his incompe-
tency for this reason is not discovered until after the
trial, it will be cause for setting aside the verdict if
it appears that due diligence was exercised to dis-
cover the facts disclosing his incompetency before
he was selected as a juror.  Vance v. Haslett, 4 Bibb,
191; Taylor v. Combs, 50 S. W. 64, 20 Ky. Law Rep.
1828.

For the reasons stated, we are unable to grant the
request of appellant that the judgment be reversed;
and, therefore, the whole court sitting, it is ordered
to be and is affirmed.