# Louisville Railway Company v. Sheehan's Admx.

(Decided January 10, 1912.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1.  Street Railway—Action Against for Damages for Death of Passenger—Evidence—Verdict.—In an action against a street railway company for negligently killing a passenger, evidence examined and held that the evidence was sufficient to take the case to the jury.

2.  Same—Signals—Testimony of Persons in Position to Hear Signal—Question for Jury.—The testimony of those who were in position to hear and did not hear the signal for the approach of a street car, is sufficient to take the case to the jury upon the question of whether they were or were not given.

ALFRED SELLIGMAN, FAIRLEIGH, STRAUS & FAIRLEIGH for appellant.

BENNETT H. YOUNG for appellee.

OPINION OF THE COURT BY JUDGE WINN—Affirming.

James J. Sheehan, on the morning of December 29, 1910, was a passenger on a westbound car of the appellant company, on Portland avenue, in Louisville, Kentucky. At the intersection of Twenty-second street he alighted upon the north side of the street and started across the street to the south side, when he was struck and killed by an eastbound car of the company on Portland avenue. His wife qualified as his administratrix and brought an action in the Jefferson Circuit Court against the company for his death. The petition charges the negligence in general terms and does not set out the specific acts of negligence of the defendant company upon which the right of recovery was based. Issue was joined upon this charge, a charge of contributory negligence was interposed, issue joined upon it, and a trial had, which resulted in a verdict of five thousand dollars in favor of the plaintiff. From the judgment thereon this appeal is prosecuted.

Appellant makes no complaint of the instructions given nor the admission or rejection of testimony, nor of any error of law arising upon the trial. Its only position is that the verdict is not supported by any evidence going to establish that the motorman failed to run his car

at a reasonable rate of speed, or to have it under reasonable control, or to give any reasonable notice of the approach of the car.  We have made a careful examination of the testimony in order to ascertain whether the record discloses any evidence upon which the court was warranted in submitting these features of the case to the jury.  We find this testimony in the record.

Matt Collins testifies that the car was going twelve to fifteen miles an hour; and that the excessive speed of the car carried the decedent thirty-eight steps before it came to a stop.

Loula Herbert testifies that the car was going tolerably fast as it approached the crossing—just the same as it went between the squares.

Robert Black testifies that the car was going pretty fast, and ran nearly one hundred feet from the time it struck Sheehan until it stopped.

Bryant Bland testifies that the car was going at fast speed in approaching the crossing and did not change its rate of speed.  John Edward Kelly testifies to the same facts.

Miss Stella Jett testifies that the car was going fast.

Carl M. Barmore testifies that the car did not slow up any as it approached the crossing.  William Watts testifies to the same effect.

Sundry witnesses for the plaintiff testified that the car stopped opposite a brick house, which, according to the testimony of Virgil Holvoght, an employe of the Louisville City Engineer's office, was one hundred and thirty-five feet, as measured by him, from the west side of Twenty-second street.

A number of witnesses testified that they heard no bell or gong upon the car as it approached the crossing.

It is proper to say that much if not all of this testimony is contradicted by the testimony for the company; but the testimony above outlined for the plaintiff was beyond question sufficient to take the case to the jury. These facts, if true, brought the case within the declaration of Whitman's Administrator v. Louisville Railway Company, 134 Ky., 6, where it is said that the railway company is required to moderate the speed of its cars at public crossings, and to give notice of their approach by proper signals; and within the case of Leach v. Owensboro City Railway Company, 137 Ky., 292, where it is said that the presence of persons upon the track must be anticipated at any time or place, and that it is the duty

of those operating the street cars to keep a lookout ahead for such persons, and to so run and control the cars as not to injure people crossing the track.

It is true that the testimony for the plaintiff as to the failure of the bell to ring was largely negative, but the rule is that the testimony of those who were in position to hear and did not hear such signals is sufficient to take the case to the jury upon the question of whether they were or were not given.

Sheehan was twenty-nine years of age; was working at $2.28 per day; and was vigorous and active. Plainly, therefore, the verdict was not excessive in amount.

Since, therefore, there was sufficient evidence to take the case to the jury, and since the careful review asked for by the appellant has not convinced us that the verdict was flagrantly against the evidence, or the result of passion or prejudice, and since the record discloses a supersedeas, the judgment should be and is affirmed, with damages.