# Hymarsh's Admr. v. Paducah Traction Company.

(Decided October 18, 1912.)

## Appeal from McCracken Circuit Court.

Personal Injury—Street Railroads—Action For Death—Instructions.— Where in an action by the administrator of a child to recover damages for his death, the court, by Instruction No. 1, authorized a recovery for a failure on the part of the motorman to keep a lookout, or to operate the car at a reasonable rate of speed, or to have the car under reasonable control, or to exercise ordinary care generally to avoid injuring persons using the street, and by Instruction No. 2, told the jury to find for the defendant if they believed from the evidence that the decedent suddenly or unexpectedly ran on defendant's track in front of the moving car, and by reason of which, and as the sole cause thereof, and not on account of any negligence on the part of defendant's motorman, in charge of said car, as defined by Instruction No. 1, the decedent was run over and killed by said car; held, that the two instructions considered together properly presented the rule that

in order to excuse the company upon the ground that the person injured came upon the track so close to the car that the motorman, in the exercise of ordinary care, could not have stopped it in time to prevent the injury, the car must have been operated at a reasonable rate of speed.

BERRY & GRASSHAM for appellant.

WHEELER & HUGHES for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Albert Hymarsh, Jr., a little boy six or seven years of age, was struck by a car owned by the Paducah Traction Company and killed. His administrator brought this action against the Traction Company to recover damages. The jury returned a verdict in favor of defendant. Plaintiff appeals.

It appears from the evidence that Jefferson street, in Paducah, runs practically east and west. Sixth street runs north and south, and is traversed by a line of electric cars which enters the street at Broadway, which parallels Jefferson street and is one block distant therefrom. On September 30, 1911, Albert Hymarsh, Jr., was playing in the rear of a building on the northwest corner of Jefferson and Sixth streets. This building is spoken of as the garage or "automobile house." Playing with Albert Hymarsh, Jr., at the time was a little boy three or four years his senior, by the name of Fred. Merry. After the car had passed Jefferson street, and was proceeding along Sixth street, the two boys ran from the rear of the garage at Jefferson and Sixth streets to the center of the street. Albert Hymarsh, Jr., was in front, and he alone was struck.

Plaintiff's evidence tends to show that the motorman was not keeping a lookout; that the car was not run at a reasonable rate of speed, and was not under reasonable control, and that the motorman failed to use ordinary care to avoid injuring the decedent. On the other hand, the evidence for the defendant is to the effect that the motorman was keeping a lookout, that the car was running very slowly at the time, and was under proper control, that he sounded his gong, put on his brakes, and did everything in his power to avoid striking the boy, who had suddenly run in front of the car and was so close to it that the car could not possibly be stopped.

The only ground urged for reversal is that the court erred in its instructions to the jury.

In addition to instructions defining ordinary care and negligence, and giving the measure of damages, the court instructed the jury as follows:

"1.   The court instructs you that it was the duty of defendant's motorman in charge of its street car at the time and place complained of by plaintiff, to keep a lookout ahead, to operate said car at a reasonable rate of speed, and to have same under reasonable control, and to give notice to others using the street of the approach of said car by sounding the gong, and to exercise ordinary care generally to avoid injuring other persons using the street, and if you shall believe from the evidence in this case that defendant's motorman in charge of said car failed to do either of these things, and by reason of such failure, and as the direct and proximate result of such failure, said car was run over deceased, Albert Hymarsh, and he was thereby killed, then defendant is chargeable with negligence and the law is for the plaintiff and you will so find.   But unless you shall so believe from the evidence then the law is for the defendant, and you will so find."

"2.   If you shall believe from the evidence in this case that plaintiff's decedent at the time and place complained of by plaintiff, suddenly or unexpectedly run on defendant's track in front of its moving car and by reason of which and as the sole cause thereof, and not on account of any negligence on part of defendant's motorman in charge of said car, as defined to you by instruction No. 1, herein, said decedent was run over and killed by said car, then the law is for the defendant and you will so find."

It is well settled that in order to excuse the company upon the ground that the person injured came upon the track so close to the car that the motorman, in the exercise of ordinary care, could not have stopped it in time to prevent the injury, the car must have been operated at a reasonable rate of speed.   Netter's Admr. v. Louisville Railway Co., 131 Ky., 678, 121 S. W., 636; Louisville Railway Co. v. Gaar, 112 S. W., 1130; Louisville Railway Co. v. Byer's Admx., 130 Ky., 437, 113 S. W., 463.   The principal objection urged to instruction No. 4, is that the foregoing qualification is not properly presented.   For the purpose of determining the question,

the two instructions must be read together, and considered as a whole. It will be observed that instruction No. 1 imposed upon the defendant's motorman the following duties: (1) to keep a lookout ahead; (2) to operate the car at a reasonable rate of speed; (3) to have the car under reasonable control; (4) to give notice to others using the street of the approach of the car, by sounding the gong; (5) to exercise ordinary care generally to avoid injuring other persons using the street. For a failure in any one of these respects, causing the death of decedent, a recovery by plaintiff was authorized. The duty to keep a lookout and use ordinary care to avoid injuring persons using the track required the motorman not only to use ordinary care to avoid injuring decedent after his peril was discovered, but to use ordinary care to discover his peril. By instruction No. 4, the jury were not authorized to find for the defendant unless they believed from the evidence that decedent suddenly or unexpectedly ran on defendant's track in front of the moving car, and by reason thereof, and as the sole cause thereof, and not on account of any negligence on the part of defendant's motorman in charge of the car, as defined by instruction No. 1, the decedent was run over and killed. In other words, before plaintiff could recover the jury were not only required to believe that decedent's running in front of the car was the sole cause of his death, but the further fact that his death was not caused by any negligence on the part of the motorman, as defined in instruction No. 1; that is, that there was no failure on his part to keep a lookout, or to operate the car at a reasonable rate of speed, or to have same under reasonable control, or to give notice to others using the street of the approach of the car, by sounding the gong, or to exercise ordinary care to avoid injuring persons using the street. While it is perhaps the better plan to follow the language of instructions that have been repeatedly approved by this court, yet the law does not require any particular set of words; just so the language employed clearly presents to the jury the precise questions to be determined. As under the instructions given, the jury, before finding for the defendant, had to believe not only that decedent's running in front of the car was the sole cause of his death, but that his death was not occasioned by the fact that the car was not running at a reasonable rate of speed, or by the failure on

the part of the motorman to use ordinary care to avoid injuring the decedent, both before and after his peril was discovered, we conclude that the qualification contended for by counsel for defendant was properly included in the instruction; that is, that notwithstanding the decedent ran in front of the car so close to it that the motorman could not, by the exercise or ordinary care, have avoided injuring him, this inability on the part of the motorman to avoid the injury did not excuse the defendant unless the car was being operated at a reasonable rate of speed.

Judgment affirmed.