## Stidham, et al. v. Lee County, et al.

(Decided October 24, 1912.)

### Appeal from Lee Circuit Court.

Appeal—Dismissal of—Failure to File Schedule.—For failure of appellant to file in the inferior court clerk's office, within ninety days from the granting of the appeal, schedule for partial record, his appeal to the Court of Appeals must be dismissed.

S. P. STAMPER for appellants.

FRANK CHINN for appellee.

OPINION OF THE COURT BY JUDGE LASSING—Dismissing Appeal.

The judgment in this case was rendered on July 15, 1911, in the Lee Circuit Court, and an appeal to this court granted, on the same day. The schedule, under which the partial transcript in this case was made, was filed in the circuit court on December 18, 1911. Appellees, in seasonable time, filed their motion to dismiss the appeal.

Subsection 4, section 737, Civil Code, provides:

"a. Schedule—time in which appellant to file—penalty for failure.—The appellant, within ninety days after the granting of the appeal, shall file in the office of the clerk of the inferior court a schedule, showing, concisely, what parts of the record he wishes to have copied. His failure to file said schedule within the time prescribed shall be cause for the dismissal of his appeal."

This section of the Code was construed by this court, in Nelson County v. Bardstown & Louisville Turnpike Co., 24 Rep., 2056. It was there held:

"The judgment appealed from was rendered June 12, 1902. The appeal was granted in the lower court. On the 11th day of December, 1902, a schedule for a partial record was filed in the clerk's office of the clerk of the circuit court, six months after the judgment was rendered. The transcript made pursuant to the schedule was filed herein December 16, 1902. On this state of facts a motion was made to dismiss the appeal. By subsection 4 it is provided that if a schedule showing what parts of the record is desired is not filed within ninety days after the granting of the appeal in the lower court the appeal shall be dismissed. If the appellant had filed a complete transcript of the record, instead of the partial one, then the motion, by authority of Louisville & Nashville R. R. Co. v. Brice, 83 Ky., 210, should be overruled. As only a partial transcript was filed the motion must prevail."

This opinion, construing subsection 4, section 737, Civil Code, is conclusive of the question, and the appeal must be dismissed.

It is so ordered.