# McKee v. Cincinnati, Flemingsburg & Southeastern Railroad Company.

(Decided December 18, 1914.)

## Appeal from Fleming Circuit Court.

1. Verdict—Trial—Jury.—The mere fact that a juror in a civil case served as a juror upon a former trial of the case, without any further facts or circumstances appearing that might prejudice a party to the action, will not require the verdict to be set aside.
2. Instructions—Negligence.—Where an alleged ground of negligence is not supported by any evidence, the court should not instruct the jury upon that issue.
3. Instructions—Reversal.—An unnecessary instruction which was not prejudicial to any of the substantial rights of the complaining party, will not authorize a reversal.

J. H. POWER, PAUL HEFLIN and SCOTT & HAMILTON for appellant.

B. S. GRANNIS, O. R. BRIGHT and JOHN P. McCARTNEY for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

This is the second appeal of this case; the opinion upon the first appeal may be found in 151 Ky., 698, where the facts are stated somewhat minutely.

The facts shown at the last trial differ in no material respect from those shown upon the first trial. They need not, therefore, be repeated, except to say that McKee was a general laborer for the defendant railroad company, at Flemingsburg, and was injured while coupling the air-brakes between two cars. He had been directed to do that work by Dudley, the defendant's superintendent; and the question in issue was, whether Dudley, who was supervising the shifting of certain cars from the main track to a side track upon which McKee was working, directed other cars to be sent against the cars between which McKee was working, without giving him a sufficient opportunity to get from between the cars.

Upon the first trial the circuit court peremptorily instructed the jury to find for the defendant; but that judgment was reversed, and the case remanded for further proceedings.

The second trial resulted in a hung jury; and the third trial having resulted in a verdict and judgment for the defendant, McKee appeals.

The first opinion, in dealing with the question of the relations between McKee and Dudley, in connection with the accident, said:

"It may be that appellant was an unusual length of time in making the coupling of the air-brakes, and that Dudley assumed from the time that had passed that appellant had made the coupling, and had come from between the cars; but it matters not how long it took him to make the coupling, if Dudley knew that he had gone in between the cars a short time before and did not know that he had emerged therefrom, it was the grossest negligence for him to permit the engine and cars to back on that switch and into the cars on it, and thereby necessarily injure appellant."

For a reversal appellant relies upon two grounds; (1) that he had learned after the verdict, and it was true, that William Donaldson, one of the jurors upon the last trial held in November, 1913, was also a juror in the first trial held in January, 1912; and, (2) that the trial court erred in refusing and in giving instructions.

1. The fact that Donaldson had served upon the first jury was made a ground for a new trial, which was supported by the affidavits of McKee and his attorneys. In his affidavit McKee merely stated that when he accepted Donaldson on the jury at the last trial, he did not know that Donaldson had served upon the first jury; while McKee's attorneys, Power and Heflin, say the fact that Donaldson had served upon the first jury was unknown to them and to the other attorneys for McKee when Donaldson was accepted, and that before they accepted him as a juror they asked him if he was able to try the case and give the parties a fair trial, to which Donaldson answered that he could, and would. On the other hand, Dudley, the general manager of the defendant company, states in his affidavit that Donaldson was a well known citizen of Fleming county, and was, in fact, well and personally known to the plaintiff's attorneys, Heflin and Power; and further that Dudley did not know that Donaldson had been on the jury at the first trial nearly two years before.

It is earnestly contended for McKee that he should have been granted a new trial, in order that he might have a trial before twelve qualified and unprejudiced jurors, and that the trial court erred in refusing it.

In Taylor v. Combs, 20 Ky. L. R., 1828; 50 S. W., 64, it appeared that while the plaintiff's attorney was stating

the case, one of the jurors announced that he had been on the former jury which tried the case, and that he did not think of it when he was sworn. Taylor moved that the order swearing the juror be set aside, and that the juror be discharged from the panel; but the circuit court overruled the motion.

In reversing that ruling, this court said:

"In Fitzpatrick v. Harris, 16 B. Monroe, 564, the appellant was present at the trial, and was a neighbor and acquaintance of the juror; the objection was not made until after the verdict, and the court held the failure to disclose it before raised a presumption of bad faith or willful neglect. Here it does not appear that any of the plaintiffs were residents of Breathitt county or present at the trial, and as soon as the fact was known the court was asked to discharge the juror. There being nothing to raise a presumption of bad faith or neglect, the court should have set aside the juror and, failing to do so, should have granted a new trial."

See also McKinley v. Smith, Hard., 167; Pierce v. Bush, 3 Bibb, 347, and Herndon v. Bradshaw, 4 Bibb, 45.

The question was again before this court in Netter's Admr. v. Louisville Railway Co., 134 Ky., 678, 689, where objection was taken, after the verdict, to a juror who had served on the regular panel within twelve months before the trial, in violation of section 2247 of the Kentucky Statutes.

In holding the fact that the juror had served within twelve months did not justify setting aside the verdict, this court quoted from Finley v. Hayden, 3 A. K. M., 330, as follows:

"The exception to a juror because he is not a housekeeper of the county is, no doubt, a valid one, and ought to be sustained when taken in proper time; but, as it is an exception which does not affect the impartiality or intelligence of the juror, it can furnish no presumption against the justice of the verdict; and it was held in the case of Bratton v. Bryan, 1 A K. Marsh., 212, and in the case of Rennick v. Walthal, 2 A. K. Marsh., 23, that it was too late to take the exception after the trial of the cause."

And in the Netter case, the court further said:

"If, however, in civil cases the fact that a juror is related to one of the parties, or is shown to have expressed an opinion as to the merits of the case, or for other substantial cause is not fit by reason of prejudice

or partiality for or against one of the parties to render
a fair decision, and the fact of his incompetency for
this reason is not discovered until after the trial, it will
be cause for setting aside the verdict if it appears that
due diligence was exercised to discover the facts disclos-
ing his incompetency before he was selected as a juror.
Vance v. Haslett, 4 Bibb, 191; Taylor v. Combs, 50 S. W.,
64; 20 Ky. L. R., 1828.''

Applying this rule to the case at bar, it will be noticed
that the disability of Donaldson did not relate to any
partiality, prejudice or want of intelligence upon his
part, or to some statutory disqualification, but merely to
the fact that he had served upon the first jury.

Furthermore, it does not appear that counsel for
appellant exercised due diligence in the premises, since it
is shown by the affidavit of Dudley, and not denied, that
Donaldson was a prominent citizen of the county, and
well known to the plaintiff's local attorneys. Since the
trial jury list is preserved in the records of a case, it
requires but little diligence or attention upon the part
of either the litigant or his attorney to keep himself
informed in this respect; and unless it is shown that a
party has been prejudiced by the double service, the
verdict will not be disturbed.

The mere fact that a juror served as a juror upon
a former trial of the case, without any further facts or
circumstances appearing that might prejudice a party
to the action, will not require the verdict to be set aside.
Moreover in this case the jury in the first trial were not
called upon to consider the evidence because of the per-
emptory instruction.

The court properly held that this ground for a new
trial was without merit.

2. Upon a return of the case, plaintiff amended his
petition and alleged that the defendant did not supply
sufficient hands to do the work in which he was engaged
at the time of the injury, and he offered an instruction to
that effect, which the trial judge refused to give. The
uncontradicted evidence, however, shows that four men
constituted a crew for doing this work, and that at least
five men were engaged in it. Under this proof, the court
properly refused an instruction based upon the amended
petition.

Plaintiff also asked an instruction in the language
above quoted from the opinion, to the effect that it was
Dudley's duty to stop the cars in time to prevent the

injury to McKee, unless he knew that McKee had emerged from between the cars, thus putting upon Dudley the postive duty of knowing that McKee had emerged from between the cars before Dudley could permit the coupling of the other cars, which, by the impact, caused the injury to McKee.

The trial court refused to give the offered instruction and in lieu thereof gave the following instructions:

"1.   The court instructs the jury that it is admitted by the pleadings herein that R. L. Dudley, the superintendent of defendant's road, was in a position to see and did see the engineer running the train on to the switch and that said Dudley, superintendent, could have signalled to the engineer to stop the train from running against the cars that injured plaintiff; and if the jury believe from the evidence that the defendant's engineer, agents or employes directing or controlling the movements of its engine and train knew or by the exercise of ordinary care could have known, or reasonably anticipated the presence of plaintiff between the two cars, where he was injured, at the time said engine and train were backing, under the directions and signals from superintendent Dudley, upon the switch or siding and into or against the cut of cars standing thereon, between two of which plaintiff was injured, then the defendant is chargeable with negligence and the jury will find damages for plaintiff; and unless the jury so believe from the evidence, they will find for defendant.

"2.   The court instructs the jury that it was the duty of the plaintiff Sam McKee, while in the employ of the defendant, the C. F. & S. E. Railroad Company, to perform the duties incident to his employment in a reasonable time and in the ordinary and customary manner under all the circumstances, and if the jury believe from the evidence that the plaintiff McKee failed to use ordinary care for his own safety on the occasion of the accident to him and by negligent acts and conduct of his own caused his injury or so contributed to it, that but for his contributory negligence he would not have been injured, then they will for the defendant."

The fourth instruction gave the measure of damages, to which there is no complaint; while the fifth instruction properly defined ordinary care, and negligence.

We think these instructions fairly gave the law of the case.

Exception was taken to the third instruction, which told the jury that if sufficient time had elapsed after Dudley told McKee to couple the air-brake between the two cars for him to reasonably obey said order, and that Dudley saw McKee in a place of safety before the car was backed against the two cars between which McKee was injured, that Dudley had the right to presume that McKee had obeyed his order, and was in a place of safety.

While this instruction was unnecessary, since it merely repeated in a more specific form the matters already presented in the other instructions, and should not, for that reason, have been given, it was not prejudicial to any of plaintiff's substantial rights.

Upon the whole case, we are satisfied the appellant's case was fairly tried, and that the verdict of the jury should not be disturbed.

Judgment affirmed.