## American Dye Works v. Baker.

(Decided June 16, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas, First Division).

1. Damages—$5,000 Not Excessive for Serious Injury to Woman who was Run Over by Truck.—Where woman was struck and run over on crossing by truck and very seriously injured, verdict for $5,000 held not excessive.
2. Appeal and Error—Instruction that it was Duty of Truck Driver to in no Event Exceed 20 Miles per Hour Not Prejudicial.—In action for injury to woman who was struck and run over on

crossing by truck, instruction that driver had duty to in no event exceed 20 miles per hour, held not to prejudice defendant; being more favorable to him than warranted, in view of Ky. Stats., section 2739g51, providing that greater speed than 10 miles an hour in heart of city be prima facie evidence of improper driving, and there being no evidence that truck driver was running over 20 miles an hour.

3. Municipal Corporations—Instruction on Care Required of Truck Driver Held Not Prejudicial.—In action for injury to woman who was struck and run over on crossing by truck, instruction that driver had duty to have car under such control that he could stop at moment's notice, held not prejudicial as requiring more than ordinary care, in view of conditions at crossings and that his view of crossing was obstructed.

4. Municipal Corporations—Sudden Appearance of Pedestrian Before Truck Held Only to Excuse Driver Operating at Reasonable Speed.—Where pedestrian at street crossing suddenly comes into path of car so that it could not be stopped in time to avoid injury, driver will be excused only where car was being operated at reasonable speed.

5. Trial—Refusal of Contributory Negligence Instruction Not Prejudicial.—In action for injury to woman who was struck and run over on congested street crossing by truck, where only evidence of her negligence was in crossing street at that time, so that, if she did not suddenly come in front of truck and so close to it that driver could not, by exercise of ordinary care and use of means at his control, have avoided striking her, there was no contributory negligence, refusal to instruct that she had duty to exercise ordinary care in crossing street held not prejudicial, in view of instructions submitted.

6. Appeal and Error—Reversal Cannot be Predicated on Questionable Instructions which were Not Prejudicial.—In view of Civil Code of Practice, section 134, reversal cannot be predicated on questionable instructions, if under facts of given case, no substantial rights are prejudiced.

7. Municipal Corporations—Truck Driver Culpably Negligent in Running Upon Congested Street Crossing.—Driver of truck, running at about 18 or 20 miles per hour, which dodged into opening between rear of street car at crossing and truck which had stopped six feet behind street car, so that view of crossing was obstructed, held culpably negligent.

JOHN P. HASWELL and STEPHEN T. JONES for appellant.

JAMES T. A. BAKER and DAVID R. CASTLEMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Broadway in Louisville runs east and west. There are two lines of street car tracks upon it. The cars going

east run on the south track. Seventh street runs north
and south. The crossing of Seventh and Broadway is in
the closely built-up business portion of the city. On De-
cember 27, 1923, about 5:00 p. m., Miss Mary Lou Baker,
who was going south, came out of a store on the north-
west corner of Seventh and Broadway for the purpose
of going to her home, which was south of Broadway. A
street car was standing on the south track, the front of
the car being about even with or a little beyond the foot
crossing. The car started east and she started across
the street. There were several trucks or cars which had
stopped behind the street car; a car was parked on the
south side of Broadway and there was an open space of
about six feet between the parked car and the front truck,
which had stopped behind the street car. Miss Baker
passed behind the street car. The operator of the front
truck, seeing her pass, did not start up, but at this time
the truck of the American Dye Works came up from the
west going east, running at about eighteen or twenty
miles per hour; without stopping or giving any signal of
his approach or checking his speed in any way the driver
ran through the open space of six feet, above referred to,
and struck Miss Baker on the foot crossing without see-
ing her or knowing that he had struck her until the car
ran over her. She was very seriously injured and
brought this suit to recover for her injury. On the trial
of the case there was a verdict and judgment for her for
$5,000.00. The defendant appeals.

The evidence on the trial established clearly the facts
above stated. There is little conflict in the testimony
except as to the speed of the truck, and the admitted facts
established that beyond doubt; the amount of the recov-
ery is well warranted by the proof, if plaintiff should
have recovered at all. Practically the only complaint on
the appeal is that the court misinstructed the jury and
failed properly to instruct them.

It is complained that in the first instruction, de-
fining the duties of the driver of the truck, the court told
the jury that it was his duty to run his car at such a rate
of speed, in no event exceeding twenty miles per hour, as
they may believe from the evidence was reasonable and
proper, considering the traffic upon and the use of the
street at that point and at that time. It is insisted that
the words, ''In no event exceeding twenty miles per
hour,'' should not have been used. But clearly this was
not prejudicial to defendant, for there was no evidence

that he was running over twenty miles an hour. Section 2739g-51, Kentucky Statutes, prescribing the speed of automobiles on public highways, provided, in substance, that if a truck like this one is run at a greater speed than ten miles an hour in such a part of the city, this shall be *prima facie* evidence of unreasonable and improper driving. The instructions the court gave were more favorable to the defendant than an instruction following the language of the statute would have been. The traffic on the street was congested by the stopping of the street car, and plainly, when the view of the driver of the truck was obstructed by the other cars, there could be little room for difference of opinion as to negligence when he dashed upon the foot crossing under such circumstances at twice the speed allowed by the statutes under ordinary conditions.

By the first instruction the court also told the jury that if the driver of the defendant's truck passed the truck standing just behind the street car while it was still standing, then it was his duty when passing that standing truck to have his own car under such control that he could stop it at a moment's notice. It may be conceded that it was his duty in passing the standing truck to exercise ordinary care for the safety of persons on the street crossing and to have his car under such control that with the means at his command he could avoid injury to them after his view was unobstructed. That truck obstructed his view until he passed it. When he had passed it, going at the rate he was traveling, in a moment he would be upon the street crossing. The fact that he struck Miss Baker without even seeing her and that when struck she was on the south side of his truck shows he struck her in a moment after he passed the other truck, or else he would have seen her. If the instruction had been worded as suggested by counsel it could have had no appreciable effect upon the verdict, for going at the rate he was traveling he had only a moment to see Miss Baker before he struck her.

Complaint is also made of the third instruction, which is in these words:

"If you believe from the evidence that Robinson was observing all the duties enumerated in the first instruction, and if you further believe from the evidence that Miss Baker came into the path of his car suddenly, and so close in front of his car that he could not by the exercise of ordinary care, as al-

ready defined, and the use of the means at his command, have stopped his car, or have avoided striking her, then you should find for the defendants.''

It is earnestly insisted that the court should have told the jury that if Miss Baker came into the path of his car, so close in front of it, that he could not by the exercise of ordinary care and the use of the means at his command, have stopped his car and avoided striking her, if he had been running at a reasonable rate of speed, they should find for the defendants.

As to street cars, the rule has been thus laid down by this court:

"Under such circumstances, the street car company cannot run its cars at an unreasonable rate of speed, and then claim that they are excused from liability on the ground that the person injured came so suddenly on the track in front of the approaching car that the motorman could not, in the exercise of ordinary care, prevent the injury. This principle applies only in cases where the car is being operated at a reasonable rate of speed. Netter's Admr. v. Louisville Ry. Co., 134 Ky. 678; Louisville Ry. Co. v. Buckner, 113 S. W. 90; Goldstein's Admr. v. Louisville Ry. Co., 115 S. W. 194; Louisville Ry. Co. v. Garr, 112 S. W. 1130; Lexington Ry. Co. v. Van Laden, 107 S. W. 740, 32 Ky. L. R. 1047; Hymarsh's Admr. v. Paducah Traction Co., 150 Ky. 109, 150 S. W. 9; Louisville Ry. Co. v. Sheehan's Admr., 146 Ky. 168, 142 S. W. 221; Ford v. House-Hassen Hard-Ware Co., 159 Ky. 669.''

There is no reason why a less stringent rule should be applied to automobiles. The instruction of the court properly followed this rule. A truck operated at a dangerous rate of speed is as deadly as a street car similarly operated.

It is also complained that the court did not give an instruction, asked by the defendants, to the effect that it was the duty of Miss Baker in crossing the street to exercise ordinary care for her own safety, and if she failed to do this and but for such want of care on her part would not have been injured, the jury should find for the defendants, although the driver of the truck was negligent in discharging his duties, as defined by the court. But the only evidence of negligence on the part of Miss Baker furnished by the record is her crossing the street at that

time, and if she did not come suddenly in front of the truck and so close to it that he could not by the exercise of ordinary care and the use of the means at his command have stopped his truck and avoided striking her, then there was no contributory negligence on her part barring a recovery. If the instruction as asked by the defendants had been given it could not, therefore, have affected the result of the case, for the only real question in the case was submitted to the jury by the instructions which the court gave. While the verbiage of the instructions given by the court is questionable, the substance, under the facts of this case, was not error and on the whole case the substantial rights of the defendants were not prejudiced. Section 134 of the Civil Code provides:

> "The court must, in every stage of an action, disregard any error or defect in the proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The truck was running at the rate of about 1,700 feet a minute. The street car was forty-six feet long. The view of the driver of the truck was obstructed until he entered on this 46 feet, and in less than two seconds after this the accident had occurred. Miss Baker was rightfully on the street crossing. The presence of persons there was to be anticipated. The street car had just stopped to land and take on passengers. To run upon such a crossing under such circumstances at such speed was culpable negligence, and if the instructions had been worded in the approved form, it could in no wise have affected the result.

Judgment affirmed.