Larry BROWN et al., Appellants,

v.

Frances P. WILSON, Appellee.

Court of Appeals of Kentucky.

March 25, 1966.

Stanley A. Stratford, Campbell & Stratford, Louisville, for appellants.

J. Walter Clements, Louisville, for appellee.

DAVIS, Commissioner.

Larry Brown, age four, was struck by an automobile driven by the appellee. In his suit for damages a jury returned its verdict denying recovery. This appeal seeks to reverse the ensuing judgment for asserted errors pertaining to the instructions and rulings upon proffered evidence.

The accident occurred August 11, 1961, at or near the intersection of Oak and 23rd Streets in Louisville. Oak Street is the preferred street; it runs east and west, with one-way westbound traffic. 23rd Street runs north and south and affords two-way traffic. Boulevard stop signs require vehicular traffic on 23rd Street to stop before entering or crossing Oak Street. There is no marked crosswalk for pedestrians crossing 23rd Street between the southeast and southwest corners of 23rd and Oak Streets. However, there was a white stripe, referred to in the evidence as a "stop" line for cars, extending from the southeast corner of 23rd and Oak to the center line of 23rd Street.

Larry had accompanied his two older sisters (Karen, age seven, and Laverne, age twelve) to a drive-in confectionery situated on the southeast corner of the intersection. The three children left that place and attempted to cross 23rd Street from the southeast corner to the southwest corner of the intersection of 23rd and Oak Streets when the unfortunate accident occurred.

There is substantial difference in the evidence as presented for appellant and appellee. For appellant the evidence indicates that the three children started to cross 23rd Street, with Laverne in the center and Larry holding her left hand. A north-bound car driven by Wayne Bolin approached the intersection, causing the three children to step back to the curb. The Bolin car stopped momentarily at the Oak Street stop sign, and then proceeded northwardly across Oak Street; as it did so the three children resumed walking westwardly across 23rd Street. When they reached approximately the center of 23rd Street, Laverne observed the automobile of appellee, travelling southwardly across Oak Street, and approaching the point where it would cross the unmarked crosswalk being used by the children. At this juncture Laverne and Karen stopped, but Larry continued to walk westwardly and was struck by appellee's car. According to appellant's evidence, the Bolin car had reached a point "about midway" in the intersection when appellee's car was first observed by Laverne. According to Laverne, appellee's car was also "in the middle of Oak Street" when she first saw it, and it was "coming at a fairly rapid rate of speed."

Laverne testified that Larry "just walked out of my hand" and "he started to run after he saw the car," apparently in an effort to avoid being struck by the car. The left front of the car struck the child, and he was dragged along under the left front wheel for a few feet; when the car came to rest the left front wheel was resting on the child's right leg.

For the appellee, it was shown that she had stopped before reaching the intersection of 23rd and Oak, in order to allow her daughter to get out of the car to go to her place of work in a tavern on the northeast corner of 23rd and Oak Streets. Then appellee drove to the stop line at Oak Street and stopped; she said that she observed a station wagon approaching from her left along Oak, and she supposed it would con-

tinue on Oak, but it was turned to its right into 23rd Street without signal. Thereupon appellee drove her car slowly across Oak Street (at about ten mph). Bolin's car, she said, was then approaching the intersection from the south, and was "going in slowly for its stop" when appellee's southbound car passed Bolin's car. Appellee estimated that the front of her car had "cleared" Bolin's car by about three feet when "out of the corner of my eye I saw this little boy running from the back of this other car." Appellee said that she applied her foot brake and emergency brake and stopped the car about ten feet beyond the point of impact.

Interestingly, Wayne Bolin's testimony tended to corroborate *and* contradict the evidence for appellant and appellee. Bolin corroborated the appellant's evidence to the extent that he recalled that the three children walked out in front of his car and then went back to the east side of 23rd Street; he contradicted appellant's evidence by saying that he remained stopped at the intersection until after the accident occurred. He was equally certain that he had been completely stopped before appellee drove across Oak Street, although appellee's evidence was to the contrary. Bolin said that the children walked around behind (south of) his car as he sat at the intersection, and that Larry came from behind his car into the path of appellee's car.

The trial court gave only one instruction relating to the matter of liability, which is as follows:

"1. If you believe from the evidence that the plaintiff, Larry Brown, suddenly darted from behind a standing automobile across the center line of 23rd Street into the defendant's driving lane and was struck by her automobile, or that he ran into the left front wheel thereof when the defendant's automobile was so close to him that she could not by the exercise of ordinary care have perceived his danger, stopped her car or changed its direction, or slackened its speed, so as

to avoid injury to him, then you will find for the defendant, Frances P. Wilson. But unless you so believe from the evidence, you will find for the plaintiff Larry Brown."

■ Although the instruction would *appear* to be quite favorable to appellant, it is our view that it was prejudicially erroneous. It is to be remembered that appellant, age four, was incapable of contributory negligence. Frederick v. Hall, Ky., 375 S.W.2d 400; Ward v. Music, Ky., 257 S.W.2d 516. The only defense available to appellee was such sudden appearance of the appellant as precluded her avoiding the accident. This appearance was not "sudden" if appellee had been able to learn of its imminence by the exercise of ordinary care. The point is that the defense of sudden emergency presupposes that, and is available only when, the defendant is exercising ordinary care. Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448.

Upon another trial, if the evidence is substantially the same as at the first trial, the court should instruct the jury:

It was the duty of the defendant, Frances P. Wilson, upon the occasion of the accident, to exercise ordinary care in the operation of her car, and this duty included her duties to operate her car at a reasonable speed, to have her car under control, and to keep a lookout for persons on the street, including the plaintiff, Larry Brown; the law of this case is for the plaintiff, Larry Brown, unless you shall believe from the evidence that while the defendant, Frances P. Wilson, was observing the duties herein set out, the plaintiff, Larry Brown, appeared so suddenly in the path of her car that she could not avoid injuring him with the means then at hand and under her control.

We think the instruction fairly incorporates the principles approved in Dixon v. Stringer, 277 Ky. 347, 126 S.W.2d 448, and Hymarsh's Adm'r v. Paducah Traction Co.,

150 Ky. 109, 150 S.W. 9. As succinctly said in the latter opinion:

"The duty to keep a lookout and use ordinary care to avoid injuring persons using the track required the motorman, not only to use ordinary care to avoid injuring decedent after his peril was discovered, but to use ordinary care to discover his peril." Id. 150 S.W. 10.

 We cannot accept appellant's contention that the jury should have been instructed that appellee had the duty to remain stopped on 23rd, before crossing Oak, until she saw that all pedestrian traffic had cleared the crossing on the south side of Oak. The statute relied on, KRS 189.330 (5), relates to other vehicles in or near the intersection, and has no application to the factual situation at bar.

The judgment is reversed for further proceedings consistent with the opinion.

MOREMEN, C. J., dissents on ground that the instruction as given amply stated the law to the jury.