## Knapp v. Gibbs.

(Decided November 17, 1925.)

Appeal from Jefferson Circuit Court.

1. Highways—Person Operating Car at Excessive Speed Preventing Reasonable Control in Emergency May Not Thereafter Say he Used all Reasonable Means to Avoid Injury After Emergency Arose.—A person in violation of the laws of the road may not operate a car at excessive speed so as to prevent its reasonable control in an emergency, and then be permitted to say after emergency arose that he did all he reasonably could with means at his command to avoid the injury.

2. Highways—Instruction, Failing to Incorporate Idea that Defendant Must have had Car Under His Control, Operating it at Reasonable Speed, when He Discovered or could have Discovered Plaintiff's Peril, Erroneous.—In an action for damages to automobile, sustained when defendant's car struck plaintiff's from behind, an instruction that if, due to sudden stopping of plaintiff's car, defendant by exercising reasonable care could not have avoided striking plaintiff's car after discovering plaintiff's peril, then law was for defendant on ground of unavoidable accident, held erroneous, failing to incorporate idea that defendant must have had car

under reasonable control, and was operating it at a reasonable speed.

3. Highways—Instruction Directing Verdict for Defendant if by Reasonable Care He could Not have Avoided Accident After Discovering Plaintiff's Peril should have Omitted Words on Ground of Unavoidable Accident.—In action for damages for injury to automobile sustained when defendant's car struck plaintiff's from the rear, instruction that if due to sudden stopping of plaintiff's car defendant, by exercise of reasonable care, or use of means at his command, could not have stopped car in time to avoid collision, then law was for defendant on ground of unavoidable accident, held that words "on ground of unavoidable accident" should have been omitted.

DAVIES, PAGE & DOWNING for appellant.

JOHN P. HASWELL for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Edward J. Knapp sued L. W. Gibbs in the Jefferson circuit court for damages to his automobile sustained in a collision. From a judgment for defendant, plaintiff appeals.

The facts are: Both parties were going east on the Shelbyville road, each driving his own machine, plaintiff being in front. He testified that his machine was new and that he was driving slowly. Some horses crossed the pike in front of him and he turned to the right and stopped his machine to let them pass, and shortly thereafter defendant's car collided with the rear of his machine, striking it with great force, knocking it from the road and causing it to overturn and damaging it badly. It was after dark and he had observed the approach of defendant's car by the reflection of its head lights. It was running at great speed and gaining upon him, but it was not nearer than two hundred feet from him at the time he stopped, and therefore he gave no notice of his intention to stop.

On the other hand, defendant testifies that he was following a short distance behind plaintiff's car; that both were driving at a reasonable rate of speed; that without any warning to him plaintiff's car collided with a horse on the pike and turned around; that he immediately did all that he could to stop his car but was unable to avoid a collision.

Elaborate instructions were given, the principal criticism being directed at the fourth, which reads:

"4.   If the jury believe from the evidence that before the collision complained of in this case occurred plaintiff's car collided with a horse on the highway, or was about to collide with a horse on the highway, and the plaintiff's car was stopped by such collision, or in order to avoid such a collision so suddenly that defendant could not, by the exercise of reasonable care and the use of ordinary means at his command, have stopped his car after he saw plaintiff's peril, in time to avoid the collision, then the law is for the defendant on the ground of unavoidable accident.

"But if the jury do not so believe then the law is for the plaintiff, so far as this instruction is concerned."

To be entitled to this defense defendant must have had his car under reasonable control and have been operating it at a reasonable rate of speed at the time he discovered or in the exercise of ordinary care could have discovered plaintiff's peril, and have thereafter exercised ordinary care with the means at his command to avoid a collision; or it should appear that the injury could not have been avoided by the exercise of ordinary care with the means at his command after he discovered plaintiff's peril or should have discovered it in the exercise of ordinary care, if his car had been under reasonable control and running at a reasonable rate of speed. A person may not violate the laws of the road and operate a car at such excessive speed as to prevent reasonable control in an emergency and then be permitted to say that, after the emergency arose, he did all he reasonably could with the means at his command to avoid injury.   This rule is well settled as applied to street railways in analogous cases.   Louisville Ry. Co. v. Vessel's Admrx., 159 Ky. 664; Netter's Admr. v. Louisville Ry. Co., 134 Ky. 678; Louisville Ry. Co. v. Buckner, 113 S. W. 90; Hymarsh's Admr. v. Paducah Traction Co., 150 Ky. 109; Louisville Ry. Co. v. Sheehan's Admr., 146 Ky. 168, and in principle is equally applicable to cases of this character.

The instruction quoted is erroneous in failing to incorporate this idea.   Also the words, "on the ground

of unavoidable accident," were improper and should have been omitted.

Other questions were raised but it is not deemed necessary to pass upon them.

For the reasons indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.