TOENGES ET AL *v.* WALTER

[No. 16,500. Filed March 4, 1941.]

*Eggeman, Reed & Cleland,* of Fort Wayne, for appellants.

*Mountz & Mountz,* of Garrett, and *Kenner & Glenn,* of Huntington, for appellee.

STEVENSON, P. J.—This action was instituted by Emily Walter, appellee, against the appellants, Elizabeth Toenges and Luella Nord, to recover damages for personal injuries sustained in an automobile accident. This accident occurred on a public highway in Allen County about ten miles north of the city of Fort Wayne at about 4:30 p. m. on April 25th, 1935. There was a trial by jury, verdict and judgment in favor of the appellee in the trial court against both appellants in the sum of $1,000.00. Motion for a new trial was filed, overruled, and this appeal has been perfected.

The only error relied upon for reversal, is the alleged error in overruling appellants' motion for new trial. Under this assignment of error, the appellants contend, first: That the appellee is shown by the record to have been guilty of contributory negligence as a matter of law; and, second, that the court erred in the giving and refusal of certain instructions.

In determining whether or not the appellee was guilty of contributory negligence as a matter of law, it is necessary to refer briefly to the evidence. The appellee testified that at the time of the accident she was a senior in the Central High School at Fort Wayne and was 18 years of age. On the afternoon in question, she and a girl friend left Fort Wayne in an automobile en route to her home at Hunterstown. About nine miles north of Fort Wayne, a township highway known as the DuPont Road, running east and west, intersects with State Road No. 3, which runs north and south. As the appellee was traveling northward on State Road 3, she was following another automobile driven by a Mr. Weaver. The appellee testified that in approaching the DuPont Road, it is necessary to go over a hill, the crest of which is about 300 feet from the DuPont Road. The appellee further testified that she

first noticed the Weaver car when she reached the crest of the hill and at that time it was some distance ahead of her and near the intersection. The appellee was unable to give the exact distance between her car and the Weaver car, but fixed it somewhere between 30 and 100 feet. A short distance beyond the DuPont Road the appellants had stopped their car on the pavement, and all passengers in the appellants' car had alighted to look for their radiator cap which had fallen from their car. The appellants and the other passengers in the car were looking along the roadside for the lost radiator cap, and appellee testified that the Weaver car suddenly stopped in front of her. At about that instant, she saw a child and other people at the roadside looking for something; and she also testified that she applied her brakes and started to pass the Weaver car on the left side. At that instant, another car coming from the opposite direction blocked her passage; and being unable to stop or pass, she crashed into the rear of the Weaver car; and as a result of this accident, sustained a broken leg and other injuries.

Under these facts, the appellants contend that the appellee was guilty of negligence in failing to keep her car at a reasonably safe distance from the car in front of her and so as to provide for the contingency of the car in front suddenly stopping in order to prevent a collision therewith. The appellant contends that failure to so operate such car is negligence as a matter of law. In passing upon this contention, the rule is well established that:

" 'Contributory negligence, or the want of reasonable care, is usually a mixed question of law and fact; it is only when the facts are undisputed, and the inferences to be drawn therefrom lead to but one conclusion that it becomes a question of law. Where the facts are in conflict, or of such a char-

acter that reasonable minds may draw different inferences from them, then the question is one of fact to be determined by the jury.'" *Gatewood* v. *Lynch* (1939), 107 Ind. App. 168, 23 N. E. (2d) 289, 292.

The appellants do not contend that they were free from negligence in stopping their car upon the traveled portion of the highway while they alighted to look for the lost radiator cap. Neither do the appellants contend that the appellee could have prevented the collision by the exercise of ordinary care after she actually discovered her peril. They do contend, however, that the appellee was presumed to have seen that which she could have seen by looking; and that the duty to keep a lookout ahead, which is imposed upon the driver of an automobile, includes a duty to see that which is in plain sight. Whether the appellee, on the occasion in question, was guilty of negligence in the operation of her car depends upon many elements and circumstances; and the weight of which depends upon their relation to each other.

Our Supreme Court has said that the driver of an automobile does not owe a duty to keep a constant lookout ahead while so driving said automobile; but is only required to use the care which an ordinarily prudent person would exercise in like circumstances. *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443.

Our Supreme Court has also said that, "A driver is bound to observe the red tail-light of a car in front of him, proceeding in the same direction, and, still, he is not necessarily chargeable with negligence should he collide with such a car if it should stop suddenly and unexpectedly, and without signaling." *Opple* v. *Ray* (1935), 208 Ind. 450, 460, 195 N. E. 81.

Again the decisions of our courts sustain the proposition that: ". . . one who is lawfully using a public highway in the absence of knowledge to the contrary, has the right to assume that others using it in common with him will use ordinary care to avoid injuring him, . . ." *Kraning* v. *Bloxson, Admx.* (1937), 103 Ind. App. 660, 666, 9 N. E. (2d) 107.

Measured by these rules, the question of the appellee's contributory negligence presents a mixed question of law and fact and as such was properly submitted to a jury. *Keltner* v. *Patton* (1933), 204 Ind. 550, 185 N. E. 270. It is impossible for us to say as a matter of fact how close to the Weaver car the appellee was following immediately before the collision. The appellee states that she cannot accurately judge distance in feet. Neither can this court say, as a matter of law, at what distance the appellee should have operated her car to the rear of the Weaver car in order to be free from contributory negligence in the light of all of the circumstances. Her duty under the law was to so operate her car as to enable her, in the exercise of reasonable care, to avoid a collision if the car in front of her should suddenly stop. Whether she exercised such care in the light of all the circumstances is for the jury to say. *Bartley* v. *Chicago & E. I. Ry. Co.* (1940), 216 Ind. 512, 24 N. E. (2d) 405; *Baltimore & Ohio R. Co.* v. *Reyher* (1940), 216 Ind. 545, 24 N. E. (2d) 284.

The appellants contend that the giving of instruction No. 2 was error. This instruction reads in part as follows:

"I further instruct you, ladies and gentlemen of the jury, that in the absence of notice or knowledge to the contrary the driver of an automobile is not bound to anticipate that any other driver or drivers will fail to obey the law or that they will

fail to exercise reasonable care. Instead, in the absence of notice or knowledge to the contrary, the driver of a motor vehicle may assume that the drivers of other cars will obey the laws, including the law concerning the parking of motor vehicles on highways, and that they will exercise reasonable care."

The appellants contend that this instruction is erroneous for the reason that the driver of an automobile must at all times exercise reasonable care to determine if the highway over which he is traveling is clear, and he has no right to assume that it is clear. While it is true that the driver of an automobile cannot close his eyes to obstructions upon the highways, which in the exercise of reasonable care he ought to discover, yet he has a right to presume in the absence of knowledge to the contrary, that others using the highway will use it lawfully. Our court has frequently held that: ". . . one who is lawfully using a public highway in the absence of knowledge to the contrary, has the right to assume that others using it in common with him will use ordinary care to avoid injuring him, . . ." *Kraning* v. *Bloxson, Admx., supra.* Instruction No. 2, as given by the court, was in accord with this rule of law and was not erroneous.

Appellants contend that the giving of instruction No. 3 was erroneous. This instruction reads in part as follows:

"I further instruct you, ladies and gentlemen of the jury, that where a person is confronted with sudden peril, occasioned by the negligence of another, such person is not required to exercise that care which a person is obliged to use under other circumstances, but is only required to act with that care which an ordinarily prudent person would have exercised under like conditions."

Appellants contend that this instruction is not applicable where the evidence shows that the litigant is

guilty of contributory negligence. In view of the evidence, we do not find this instruction erroneous. Similar instructions have been frequently approved. *Mayer* v. *Mellette* (1917), 65 Ind. App. 54, 114 N. E. 241; *Chicago, etc., R. Co.* v. *Luca* (1930), 91 Ind. App. 521, 170 N. E. 564.

For the reasons heretofore stated, there was no error in refusing to give appellants' tendered instructions Nos. 1 and 2, which were peremptory instructions to find for the appellants.

By appellants' tendered instruction No. 19, which the court refused, the appellants asked that the jury be instructed that:

"One driving an automobile upon a public highway in Indiana and following another car, has a legal duty to leave enough intervening distance between the car ahead and the car which the operator is driving, in which to stop the car and avoid collision in the event the car ahead should stop upon the highway. If you find from the evidence in this case that plaintiff was following an automobile driven by one Weaver and followed said car at a distance which rendered it impossible for her to stop in the event the Weaver car should stop upon the highway, and that her driving too close to the car ahead proximately contributed to her own injuries, then she could not recover, and your verdict should be for the defendant."

It is our opinion that this tendered instruction does not properly state the law with reference to drivers of automobiles on the public highways who are proceeding in the same direction.

"The general rule that drivers of automobiles on public highways or the streets of municipalities must exercise reasonable care in the operation of their vehicles, that is, such care as a person of ordinary prudence would exercise under the same or similar circumstances, governs the reciprocal rights and duties of the drivers of cars proceeding in the

same direction." Am. Jur. Vol. 5, Automobiles, § 280, p. 656.

In passing upon this question, the Supreme Court of New York in *Harnik* v. *Astoria Mahogany Co., Inc.* (1926), 215 N. Y. S. 219, said:

"There is no rule, other than that relating to the exercise of reasonable care, which prescribes a distance that must be maintained between vehicles while running along the highway."

The Supreme Court of Massachusetts in the case of *Woolner* v. *Perry* (1928), 265 Mass. 74, 163 N. E. 750, said:

"Under ordinary circumstances a plaintiff who so operates an automobile that it comes into collision with a stationary or moving vehicle in front would be guilty of contributory negligence. *Vincent* v. *Norton & Taunton Street Railway*, 180 Mass. 104, 105, 61 N. E. 822. This, however, is not an absolute rule of law. Each case must be decided on its own facts, and we cannot say, upon the undisputed facts in the case before us, that the only rational inference to be drawn therefrom is that of the driver's contributory negligence. The issue of the driver's due care was properly submitted to the jury."

A similar question was before the Court of Appeals of Kentucky, wherein the defendant sought to excuse his conduct in running into the rear end of the plaintiff's car, which was suddenly stopped upon the highway, on the ground of unavoidable accident. The court said:

"To be entitled to this defense defendant must have had his car under reasonable control and have been operating it at a reasonable rate of speed at the time he discovered or in the exercise of ordinary care could have discovered plaintiff's peril, and have thereafter exercised ordinary care with the means at his command to avoid a collision; or it should appear that the injury could not have been avoided by the exercise of ordinary care with the

means at his command after he discovered plaintiff's peril or should have discovered it in the exercise of ordinary care, if his car had been under reasonable control and running at a reasonable rate of speed." *Knapp* v. *Gibbs* (1925), 211 Ky. 278, 277 S. W. 259, 260.

It will be noted that the instruction tendered by the appellant imposed a positive duty upon the appellee to so operate her automobile at such a distance from the car ahead of her as to enable her to avoid a collision in all events. This instruction entirely omits the elements of reasonable care and imposes a positive duty. As we have heretofore said, the appellee's duty was to operate her automobile with reasonable care in the light of the surrounding circumstances.

The court was not in error in refusing appellants' instruction No. 19 as tendered. For the reasons stated, the trial court did not err in overruling appellant's motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

NOTE.—Reported in 32 N. E. (2d) 95.