KAMPO TRANSIT, INCORPORATED, ET AL. *v.* POWERS.

[No. 20,066. Filed November 24, 1965.
Rehearing denied December 13, 1965.]

*Isadore J. Fine, Joe S. Hatfield, Charles H. Sparrenberger,* and *Eugene P. Fine,* of Evansville, for appellants.

*John H. Jennings* and *Harold M. Wilson, Jr.,* of Evansville, for appellee.

SMITH, J.—This is an action brought by the appellee against the appellants to recover damages for personal injuries sustained by the appellee as a result of his automobile colliding with a tractor-trailer operated by the appellant Thorson and owned by the appellant Kampo Transit, Incorporated.

The complaint alleged that Kampo Transit, Incorporated was the owner of a tractor-trailer which at the time of the alleged collision was operated by the appellant Thorson as the agent of Kampo Transit, Incorporated; that said tractor-trailer collided with the motor vehicle operated by the appellee Powers; and that said collision was caused by the negligence of the appellant Lyle A. Thorson.

The plaintiff's complaint specifically charged the defendants with the following acts of negligence:

1. That the defendant Thorson negligently and carelessly failed to maintain a reasonable lookout for other vehicles using the highway;
2. That the defendant Thorson negligently and carelessly failed to have reasonable control over his tractor-trailer;
3. That the defendant Thorson negligently and carelessly failed to operate the vehicle of the appellant Kampo Transit, Incorporated in his right lane but instead drove said tractor-trailer across the highway and across the double lines marking the center of said highway, and into plaintiff's lane of traffic;

4. That the defendant Thorson negligently and carelessly drove and operated the tractor-trailer at a high and dangerous rate of speed, to-wit: approximately 55 to 60 miles per hour;

5. That the defendant Thorson negligently and carelessly failed to give the plaintiff at least one-half of the main travelled portion of said highway.

Defendants Thorson and Kampo Transit, Incorporated answered the plaintiff's complaint in accordance with Rule 1-3 of the Supreme Court.

Upon the issues thus joined, the cause was submitted to the jury for trial, resulting in a verdict for the plaintiff in the amount of $55,000; and thereafter the court entered judgment on said verdict.

The appellants, separately and severally, filed a third amended motion for a new trial which was overruled by the trial court.

The sole assignment of error is the overruling of appellants' third amended motion for a new trial.

The motion for a new trial contains thirty-one specifications of error.

Under specifications 8 and 9 appellants assert that the court erred in refusing to give defendants' peremptory instructions A-1 to A-5, both inclusive, and peremptory instructions B-1 to B-5, both inclusive. The giving of peremptory instructions A-1 to A-5 was requested by the defendants at the close of plaintiff's evidence; and the giving of peremptory instructions B-1 to B-5 was requested by the defendants at the close of all the evidence. Said instructions in substance requested that the five allegations of negligence be withdrawn from the consideration of the jury.

The appellants' specific assertion of error in the refusal to give these peremptory instructions is that the record does not disclose substantial evidence of probative value, or any inference that might be drawn therefrom, from which the

jury could have found that the appellants committed any of the five alleged acts of negligence.

The prevailing rule as to the giving of peremptory instructions is that a trial court may properly direct a verdict for the defendant where the evidence submitted by the plaintiff wholly fails to establish any cause of action in his favor under the issues; or where the evidence submitted by the plaintiff affords no basis for recovery in favor of the plaintiff; or where the evidence most favorable to the plaintiff, together with all reasonable inferences which a jury might draw therefrom, is insufficient to establish one or more facts essential to plaintiff's right of recovery or insufficient to sustain a verdict in his favor. See, West's I. L. E., Vol. 28, Trial, §§ 136 and 137.

In *Garr* v. *Blissmer, et al.* (1962), 132 Ind. App. 635, 177 N. E. (2d) 913, (Transfer Denied), this court approved the rule as announced in West's I. L. E., Vol. 28, § 137, pp. 133, 134 and 135, which states the rule concerning the giving of peremptory instruction for a defendant to be as follows:

"A court should not give a peremptory instruction for the defendant unless there is a total absence of evidence or reasonable inference on at least one essential element of the plaintiff's case, or unless there is no conflict in the evidence and it is susceptible of but one inference which precludes recovery. It is only when the plaintiff fails to make a case so that it would be the duty of the trial court, or of a higher court on appeal, to set aside the verdict as not being supported by any competent evidence on some material point, that a verdict for the defendant should be directed.

"Where there is some or any evidence which with all its reasonable inferences and intendments fairly tends to prove the plaintiff's case, a peremptory instruction in favor of the defendant should not be given. The court cannot give a peremptory instruction for the defendant where there is some competent evidence to sustain a verdict for the plaintiff.

"It is improper for the court to instruct the jury to return a verdict for the defendant when the facts established by the evidence are such that to warrant such conclusion by the court, the court would have to weigh the evidence or

judge as to the credibility of the witnesses." (Citations omitted)

In the case at bar the appellants introduced no evidence except an agreed stipulation of facts to the effect that if the defendant-appellant Thorson had been present he would have testified in substance that the collision, described in the plaintiff-appellee's complaint was caused by the blocking of the right half of the highway by vehicles stopped on said highway and, that upon seeing said stopped vehicles, said defendant-appellant Thorson did all within his power to avoid said accident. All other evidence concerning the collision in question was submitted by the appellee.

Applying the rule announced above to the case at bar, it is our opinion, from an examination of the record evidence, that there was substantial evidence of a probative value, and from which inferences might be drawn, to support the five alleged acts of negligence; and therefore, the trial court did not err in refusing to give peremptory instructions A-1 to A-5, both inclusive, and instructions B-1 to B-5, both inclusive.

The appellants next discussed in their argument seven specifications of error numbered 10, 11, 12, 13, 14, 15 and 16 alleging generally therein that the court erred in giving appellee's instructions numbered 2, 3, 4, 5, 6, 7 and 7A respectively.

Appellants' specification No. 10 relates to appellee's instruction No. 2 which reads as follows:

"The court instructs the jury that at all times complained of in the plaintiff's complaint there was a statute of the State of Indiana in full force and affect which provided, in part as follows:

'Drivers of vehicles proceeding in opposite directions which pass each other on the right and upon roadways having width for not more than one line of traffic in each direction, each driver shall give to the other at least one-half of the main travelled portion of the roadway as nearly as possible.'

"Therefore if you find from a fair preponderance of the evidence that the defendants, without valid excuse, violated this statute or failed to comply with its requirements, that in itself is prima facie evidence of negligence on the part of said defendants, and if you further find that such negligence was the sole proximate cause of plaintiff's injuries and damages, if any, then in that event your verdict should be for the plaintiff, James A. Powers, and against the defendants, Lyle A. Thorson and Kampo Transit, Incorporated."

The appellants' specific objection to this instruction is as follows:

"The defendants object to the giving of the plaintiff's tendered instruction #2 for the reasons, and each of the following reasons: There is no evidence to which the instruction may apply with reference to 'without valid excuse.' The instruction is mandatory in form and it does not take into consideration contributory negligence which is an issue."

It is apparent that this instruction is based on an Indiana statute, the same being Burns Indiana Statutes 47-2011. It is a well settled principle of law in this state that the violation of a regulatory statute is prima facie evidence of negligence which must be overcome with proof that it was impossible to comply with the statute because of circumstances beyond the control of the driver, and which were in no way occasioned by any negligence on his part.

In *Jones* v. *Cary* (1941), 219 Ind. 268, 284, 37 N. E. (2d) 944, the Supreme Court, speaking through Judge Swaim, said as follows:

"While the violation of such a statutory regulation does not conclusively establish negligence it is prima facie evidence of negligence and places on the opposing party the duty of producing evidence to show a valid excuse for such violation. 5 Amer. Jur., § 657, p. 865; *Conder* v. *Griffith* (1916), 61 Ind. App. 218, 224, 111 N. E. 816."

The appellants further object to said instruction because the instruction contains the exception "without valid excuse." It appears that the use of such exception is favorable to the appellants and permits the jury to know that the appellant Thorson could violate this statute without being negligent, if he had a *valid excuse* therefor. To have omitted the use of this exception in this instruction would have been error, because the instruction then would have informed the jury that the mere violation of such a regulatory statute amounted to negligence per se regardless of the circumstances.

The appellants also object to instruction No. 2 for the reason that it does not take into consideration the element of contributory negligence. Appellee's instruction No. 2 informs the jury that they are required to find that the defendants' negligence was "the sole proximate cause" of plaintiff's injuries. In *Weis* v. *Wakefield* (1941), 111 Ind. App. 106, 120, 38 N. E. (2d) 303, our Court held in part as follows:

> "Instruction No. 37 informs the jury that if it finds by a preponderance of the evidence that one or more of the acts of negligence charged in the amended complaint has been proven to be the sole proximate cause of the injuries, which the appellee sustained, the jury may return a verdict in his favor, if other facts therein detailed are also proven by a preponderance of the evidence. The appellants object to this instruction because it omits the element of contributory negligence. By using the expression 'sole proximate cause' in instruction No. 37 the court thereby eliminated contributory negligence as a substantial element in this particular instruction. *Gerow* v. *Hawkins* (1934), 99 Ind. App. 352, 192 N. E. 713."

It is our opinion that none of the objections to instruction No. 2 are well taken and that the court did not commit any error in submitting this instruction to the jury.

Specification No. 11 relates to appellee's instruction No. 3. It is apparent that this instruction is based on an Indiana

statute, the same being Burns Indiana Statutes 47-2010. Appellants' objections to this instruction are substantially the same as made to appellee's instruction No. 2 and it is our opinion that the objections are not well taken and that the court did not commit any reversible error in submitting this instruction to the jury.

Specifications 12, 13, 14, 15 and 16 relate to appellee's instructions numbered 4, 5, 6, 7 and 7A. The appellee in answer to appellants' specific objections to the giving of said instructions asserts that the appellants in their brief in discussing these specifications do not refer to the transcript, do not cite any authorities, or set forth in any way any points of fact or law and therefore no error concerning the giving of such instructions is properly presented to this court for its determination.

Under Rule 2-17 of the rules of the Supreme Court of Indiana such failures are fatal and no issues are presented. This rule reads in part as follows:

"(e). The brief shall contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relief upon . . . there shall be concisely stated the basis of the objection to the ruling complained of, *exhibiting clearly the points of fact and of law* being presented, and how they are applicable, *citing the authorities and statutes relied upon,* and setting out verbatim the relevant parts of such statutes as are deemed to have an important bearing. . . ." (Emphasis supplied)

In *Rudd* v. *State* (1952), 231 Ind. 105, 113, 107 N. E. (2d) 168, the Supreme Court spoke as follows:

"Appellant's brief fails to comply with Rule 2-17 (e) in presenting his causes for a new trial that the verdict was not sustained by sufficient evidence and was contrary to law. Approximately one-half page in the 'argument' section is devoted to each cause. *Neither cause is supported by applicable points of fact or law. Such causes for a new trial are waived.* Rule 2-17 (f) ; *Hartsfield* v. *State*

(1950), 228 Ind. 616, 94 N. E. (2d) 453." (Emphasis supplied)

From an examination of the appellants' brief the assertion of error of the appellee concerning said deficiencies of appellants' brief appears to be well taken. It is our opinion that the appellants have failed to comply with the provisions of Rule 2-17 and therefore the appellants have not properly presented to this Court their objections to the giving of appellee's instructions numbered 4, 5, 6, 7 and 7A, and have not properly raised any questions for this Court to determine.

In specification No. 17 appellants contend that the court erred in giving appellee's instruction No. 8, which reads as follows:

"The court instructs the jury that there is no burden or duty whatsoever on the part of the plaintiff, James A. Powers, to prove that he was free from contributory negligence, if there was any, but on the contrary, the said burden of proving contributory negligence, if there was any, was one that the law places on the defendants, Lyle A. Thorson and Kampo Transit, Incorporated.

"The court further instructs you that before any contributory negligence, if there was any, could be available as a valid defense in this case, it must be shown by a preponderance of the evidence that any contributory negligence, if there was any, was a proximate cause of the collision in controversy. In other words, even if you should find that any contributory negligence, if there was any, was not a proximate cause of the collision and that the collision would have occurred despite any contributory negligence, if there was any, and you further find that the defendants were guilty of one or more of the acts of negligence, alleged in plaintiff's complaint which was, or were, the direct and proximate cause of the plaintiff's injuries, if any, then under such circumstances you would be warranted in finding for the plaintiff, James A. Powers, and against the defendants, Lyle A. Thorson and Kampo Transit, Incorporated."

Appellants' specific objection to this instruction as it appears in the record is:

"The defendants object to the giving of plaintiff's tendered instruction No. 8 for the reason that this is an incorrect statement of the law, that if the plaintiff was guilty of contributory negligence but the accident would have occurred even in the absence of it, it is mandatory that the jury find for the plaintiff. Under the law of Indiana, there is no comparative negligence and if the plaintiff was guilty of contributory negligence, however slight, the plaintiff is not entitled to recover even though the accident may have occurred without such slight negligence as a proximate cause."

There appears to be nothing in the language of the instruction concerning "comparative negligence." From an examination of the record we can find no evidence which would in any way indicate that the appellee was guilty of contributory negligence. As pointed out before in this opinion, the appellants introduced no evidence except an agreed stipulation of facts which does not in any way stipulate that the appellee was or was not guilty of contributory negligence. The appellants in their brief contend that the appellee in his testimony stated that he observed a line of cars facing him as he approached and observed the appellants' truck but that he paid no particular attention to the truck. The appellants fail to show in what way the jury could even draw an inference of contributory negligence from such testimony. The record is absolutely devoid of any evidence which would indicate that the appellee did anything wrong in the operation of his motor vehicle or was guilty of any contributory negligence.

It seems quite apparent that the appellants in their objections to the giving of this instruction are contending that any negligence on the part of the plaintiff would defeat his recovery even though such negligence *was not a proximate cause* of the collision. This, of course, is not the law in Indiana and never has been. It is a well settled principle of law as announced by our courts of appeal that before a plaintiff's negligence can bar recovery, such negligence must *proximately contribute to and be a proximate cause of the*

*collision.* In support of this general proposition of law the Supreme Court of Indiana in *Nave, et al.* v. *Flack* (1883), 90 Ind. 205, spoke as follows:

> "Even a negligent contribution does not necessarily bar a recovery. Unless it proximately contributes, mere negligence does not defeat a plaintiff's action."

It is our opinion that appellee's instruction No. 8 in substance properly instructed the jury that any contributory negligence on the part of the plaintiff must be a *proximate cause* of the injuries complained of before it can defeat plaintiff's right to recover, and that the court did not err in submitting said instruction to the jury.

The appellants, in accordance with Supreme Court Rule 2-17 (e), have grouped, for the purpose of argument, specifications No. 20, 21, 23 and 28. Each of the specifications relate to a specific instruction tendered by the appellants and refused by the trial court.

The appellants contend that each of said refused instructions contain correct statements of law and are necessary in order that the jury could be advised fully on each issue of the case. The appellee answers this contention by stating that such a general assertion is not sufficient to raise any question of error. To support this argument, the appellee cites *Indiana Trial and Appellate Practice, Flanagan, Wiltrout and Hamilton,* 1963 Pocket Part, Section 2677, page 150, in which the following pronouncement is made:

> "Error in the refusal to give tendered instructions is not shown where the argument consists of only a general statement as to why the instructions should have been given without citing authority to support the contention. *Northern Indiana Public Service Co.* v. *Nielsen* (1952), 123 Ind. App. 199, 109 N. E. (2d) 442.

> "It is not sufficient to argue that an instruction is a correct statement of law and necessary to properly advise the jury on the basis of the issues and evidence presented. *Baltimore & Ohio R. Co.* v. *Patrick* (1960), 131 Ind. App.

105, 166 N. E. (2d) 654; *Irvine* v. *Mattingly* (1961), — Ind. App. —, 172 N. E. (2d) 873."

Specification No. 20 concerns the tendering of appellants' instruction No. 5. From an examination of this instruction it appears that the subject matter of the instruction was adequately covered by other instructions tendered by the appellants and therefore it was not error for the court to refuse to give this instruction.

The contention of error in specification No. 21 is the refusal of the court to give appellants' instruction No. 8. Instruction No. 8 is as follows:

"If you find from a preponderance of the evidence that the defendants, or either of them, were not guilty of *the negligence charged in the complaint*, then the plaintiff cannot recover as to the defendant against whom no negligence is shown by the evidence and your verdict should be for such defendant or defendants." (Emphasis supplied)

This instruction in effect told the jury that the plaintiff had to prove each and every act of negligence charged in the complaint. It is a well settled principle of the law of negligence, as pronounced by our courts, that the plaintiff, in order to recover, is under no duty to prove *all* the acts of negligence charged in the complaint but only has to prove any *one* act of negligence.

Under this instruction the plaintiff would be required to prove *all* alleged acts of negligence against both defendants. In our opinion this instruction is based upon an erroneous premise and the court did not err in refusing to give said instruction. In *Kempf* v. *Himsel, Administrator* (1951), 121 Ind. App. 488, 98 N. E. (2d) 200, our Court held that this type of instruction was erroneous and should not be given.

Specification No. 28 contends that the court erred in not giving appellants' tendered instruction No. 21. Instruction No. 21 reads as follows:

"The law recognizes the possibility of a mere accident, that is, an occurrence which is in no way due to the negligence or fault of any one.

"The happening of a mere accident resulting in injury cannot support a verdict for damages. Therefore, if you find that any injury or damages suffered by the plaintiff in this case was the result of a mere accident, there can be no recovery by the plaintiff and your verdict should be for the defendants."

Since the submission of this cause, the Supreme Court in the case of *Miller* v. *Alvey* (1965), 246 Ind. 560, 207 N. E. (2d) 633, and again in the case of *White* v. *Evansville American Legion Home Association* (1965), 247 Ind. 69, 210 N. E. (2d) 852, has held that the giving of an instruction on "mere" or "unavoidable" accident is error. The reverse would also be true under the reasoning in these two cases that the refusal to give such an instruction would not be error. Based on the reasoning of these two recent Supreme Court cases, it is our opinion that the trial court did not err in refusing to give an instruction on "mere" or "unavoidable" accident.

Specification No. 23 asserts that the trial court erred in refusing to give appellants' tendered instruction No. 14, which is as follows:

"A person who operates a motor vehicle upon a public highway is not required to anticipate extraordinary hazards nor to constantly expect and search for unusual danger; nor is the driver of a motor vehicle upon a public highway bound to anticipate that any other driver will fail to obey the law or fail to exercise reasonable care. Instead, in the absence of notice or knowledge to the contrary, the driver of a motor vehicle may assume that the drivers of other motor vehicles will obey the laws including the law concerning the stopping of motor vehicles upon a highway and that they will exercise reasonable care.

"If therefore you find from a preponderance of the evidence that a motor vehicle or motor vehicles operated by other persons than the parties to this action either stopped

such vehicles or so slowed such vehicles upon the public highway in front of the defendant's motor vehicle under such circumstances as to create an extraordinary hazard or danger, then I instruct you that those facts may be considered by you in determining whether the defendant, Lyle A. Thorson, acted with reasonable care under the circumstances."

The appellants maintain that this instruction correctly states the law in Indiana pertaining to extraordinary hazards; and that said instruction in effect would have advised the jury that a person who operates a motor vehicle upon a public highway is not required to anticipate *extraordinary hazards* nor to constantly expect and search for *unusual dangers*. They further state that this instruction would have correctly told the jury that if the jury, from a preponderance of the evidence, found that motor vehicles operated by persons other than the parties to this action either stopped such vehicles or so reduced their speed upon the highway directly in front of the appellants' motor vehicle so as to create an extraordinary hazard or danger that the jury could under such circumstances determine whether or not the defendant Thorson acted with reasonable care. The appellee cites the case of *Toenges* v. *Walter* (1940), 109 Ind. App. 41, 47, 32 N. E. (2d) 95; and *Opple, et al.* v. *Ray* (1935), 208 Ind. 450, 195 N. E. 81.

The appellee answers this argument by stating that the *Opple* case presents a different factual situation than that in the case at bar. In the *Opple* case, they say, there was ample evidence of an extraordinary hazard such as a motor vehicle being operated without headlights or tail lights, which had run out of fuel, and was stopped on the highway at night. The court in the *Opple* case said:

"A driver is bound to observe the red tail lights of a car in front of him proceeding in the same direction and still he is not necessarily punishable with negligence should he collide with such car if it should *stop suddenly and unexpectedly* without signaling." (Emphasis supplied)

It appears that the facts in the present case are completely dissimilar to those in the *Opple* case. The evidence is uncontradicted that in the case at bar the accident took place in broad daylight and that the motor vehicles traveling ahead of appellant Thorson stopped slowly and gradually; that a Mr. Brown, driver of the second car, gave a signal of his intent to stop by the use of his brake lights and an arm signal; and that Mr. Syvertsen, driver of the third and last car to stop in front of the appellant Thorson, gave a signal of his intent to stop by the use of his brake lights and by continuously using the brake pedal from the time he stopped his motor vehicle until the time of the collision.

In the *Toenges* case the appellee argues that the facts disclose that a motor vehicle traveling ahead of the defendant stopped suddenly in front of the defendant; that the factual situation is different than in the case at bar; and therefore the law in the *Toenges* case is not controlling in this case.

We are of the opinion that this answer of the appellee to appellants' asserted error in the refusal of the trial court to give such instruction is well taken and it is our opinion that the trial court committed no error in refusing to give appellants' tendered instruction No. 14.

Specifications 24 and 25 are concerned with the refusal of the trial court to give appellants' tendered instructions Nos. 15 and 16. These instructions deal primarily with the question of sympathy. The court gave appellants' tendered instruction No. 3, which in part reads as follows:

"In determining whether or not the plaintiff is entitled to recover in this action, you are not permitted to be influenced or persuaded by any *sympathy* which you may have by reason of the fact that the plaintiff, James A. Powers, was injured." (Emphasis supplied)

It is quite apparent that instruction No. 3 correctly and adequately instructed the jury on the question of sympathy,

and it was not error for the trial court to refuse to give appellants' tendered instructions No. 15 and 16 which would be repetitious of the subject matter contained in instruction No. 3, and would tend to over-emphasize the element of sympathy.

Specification No. 30 asserts error of law occurring in the trial, the appellee contending that the court erred in overruling the defendants' objections to permitting the plaintiff to testify by way of inference as to the reason he was not given a residency in surgery in the Barnes Hospital and in permitting the plaintiff to testify as to such inference; and that the court erred further in overruling the defendants' motion to strike such testimony.

The appellants' specific objection to the introduction of this evidence was, "Well, we would object to an inference and we would object to the reasons." Exactly what the appellants were attempting to convey by this objection is somewhat obscure and certainly not specific. The appellee claims that the appellants in this general objection have not presented any reviewable error.

From a careful examination of the testimony given by the appellee on the question whether or not the injuries sustained by him as the result of the collision prevented him from being appointed as a resident in surgery in Barnes Hospital, we are of the opinion that the court did not err in the admission of such testimony. His testimony, because he was a licensed physician who at the time of the trial had completed his internship and had served one year as a resident in surgery at the University of North Carolina, would be qualified as the testimony of an expert witness. On the question of the qualification of a witness as an expert in *Linton-Summit Coal Co., Inc.* v. *Hutchison, et al.* (1953), 232 Ind. 369, 373, 111 N. E. (2d) 819, the Supreme Court of Indiana said as follows:

"The competency of a witness to testify as an expert is a matter resting largely in the discretion of the trial court,

with whose rulings Appellate Courts are slow to interfere."

Citing—*The Lake Erie and Western Railroad Company* v. *Mugg, Administrator* (1892), 132 Ind. 168, 170, 31 N. E. 564.

As an expert witness, the appellee would be entitled to infer, or give his conclusions, why he was not given a residency in surgery at the Barnes Hospital.

The appellants have grouped for the purpose of argument specifications No. 3, 18, 19 and 31.

Under this heading appellants generally assert that the damages assessed by the jury were excessive. It is a well settled established principle of law announced by our courts of appeal that in order for damages to be considered excessive it must appear that the damages assessed were so grossly and outrageously excessive as to induce the belief that they were the result of prejudice, partiality or corruption. *Chicago and Calumet District Transit Company* v. *Stravatzakes* (1959), 129 Ind. App. 337, 156 N. E. (2d) 902.

The uncontradicted evidence discloses that the appellee as a result of the collision suffered a broken neck, that his injuries are of a permanent nature, and that in order to correct this physical impairment he has been advised that he will have to submit to surgery in order to correct this impairment.

That following the completion of his internship at Barnes Hospital, he was offered a residency in surgery at the Brigham Hospital in Boston but that he did not accept this appointment because he was of the opinion that his physical condition would not permit him to undertake the responsibilities entailed by such a residency.

That he did, however, accept a residency in surgery at the Hospital of the University of North Carolina. That he served in such a capacity for approximately a period of one year

but because of his physical condition he was unable to continue his training as a resident surgeon and was assigned to a research project conducted by such hospital.

Under this same heading appellants next complain of items 7 and 8 as set forth in appellee's instruction No. 12 on the question of damages.

Item No. 7 is:

"The time, *if any*, which he has already lost up to the present time as the result of such injuries." (Emphasis supplied)

Item No. 8 is:

"His loss of time, wages and income in the future, *if any*, and his future inability to work and earn a livelihood, *if any*, resulting from such injuries." (Emphasis supplied)

From an examination of instruction No. 12 it is quite apparent that it is not a mandatory instruction and every single element of damage set forth therein is always qualified by the phrase "if any." In *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 93 N. E. (2d) 363, the appellant objected to an instruction given by the court on the ground that, if given, it would permit the jury to return a verdict based on elements of damage concerning which there is no evidence and the court held as follows:

"While we do not agree that the instruction is altogether open to such objection, it will be noted that the court, in enumerating the various elements of damage the jury might consider in reaching its verdict, uses the words 'if any' in connection with each. Concerning a similar instruction the Supreme Court said: 'Where, as in this case, the jury is instructed that it may allow compensation for expenses, if any, necessarily incurred by the plaintiff in attempting to affect a cure of his injuries, the charge, in effect, prohibits such allowance unless said expenses and their amounts are shown by the evidence and the presumption is that the jury so understood the instructions. *Indianapolis Traction Co.* v. *Hensley* (1917), 186 Ind. 479, 115 N. E. 934, 117 N. E. 854."

Also in *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. (2d) 10, the Supreme Court held as follows:

"The objection to instruction number six is that it permitted consideration of evidence not related to the subject of damages. Appellant does not point out any evidence that would or could be improperly considered. The instruction details what is to be taken into consideration in determining damages and includes the words 'if any have been shown' apply to each part of the instruction, and no jury of average intelligence could have been misled. The instruction was not mandatory in form, and in the absence of evidence tending to permit the jury to consider improper elements in computing damages could not be the basis for reversible error." (Citing cases)

However, it is our opinion from an examination of the record evidence that there was substantial evidence on each of the eight items of damage set out in instruction No. 12.

Therefore the court in any event did not err in giving instruction No. 12.

Specification No. 19 relates to appellee's instruction No. 13. Instruction No. 13 reads as follows:

"Gentlemen of the jury, I have in a previous instruction, set forth various elements which you may consider in assessing the plaintiff's damages, if any, should you find for the plaintiff.

"One of said elements concerns expenses, including doctors, hospitals and medical expenses.

"Now, the court instructs you that in considering the amount, if any, to be allowed in your judgment, if any, for the plaintiff's said expenses does not depend in any sense upon whether or not said expenses have been paid by plaintiff or someone on his behalf. Unless the defendant paid said expenses, it is immaterial whether same have been paid or not. Your sole consideration in this regard is what the reasonable value of said expenses is."

The defendants specifically object to the giving of instruction No. 13 for the reason that said instruction is not limited

to reasonable expenses, that there is no evidence that the defendant paid any of said expenses and that it is not limited to expenses which were incurred by the plaintiff. Appellants failed to cite any authority to support this contention and apparently are not cognizant of the Indiana rule which is that the only proper measure of expenses is the *reasonable value* of such expenses. In *Herrick* v. *Sayler* (1958), 160 Fed. Supp. 25, 29, the court said:

"Regardless of whether medical services be rendered gratuitously or whether the plaintiff be legally liable for such service, in Indiana the measure of the defendant's liability to the plaintiff is the *reasonable value* of such services." (Emphasis supplied)

In further support of the use of the "reasonable value for medical expenses" rule as an element of damages see, *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 176 N. E. 29, 31; *Summers* v. *Tarney* (1889), 123 Ind. 560, 24 N. E. 678; *The Pennsylvania Company* v. *Marion* (1885), 104 Ind. 239, 3 N. E. 874.

We find no error in instruction No. 13 and we now hold that the court did not err in submitting said instruction to the jury.

Specification No. 31 asserts error in permitting appellee's counsel in his closing summation to the jury to argue a mathematical calculation of assessment of damages for pain and suffering. The record discloses that the counsel for the appellants raised no proper objection to such summation. The only objection appellants' counsel properly made was with respect to the use of a blackboard to make a mathematical calculation. The rule is well established in Indiana that a mathematical calculation on a blackboard is entirely proper. On the question of the use of a mathematical formula for the computation of damages, our court in *Evansville City Coach Lines, Inc.* v. *Atherton* (1962), 133 Ind. App. 304, 179 N. E. (2d) 293 spoke as follows:

"These specifications charge appellee's counsel was guilty of prejudicial misconduct because in his argument to the jury he suggested a mathematical formula of $2.00 per day for the computation of damages for appellee's pain and suffering who, as the result of injuries received, sustained a partial permanent disability.

"To sustain this contention appellant relies upon and quotes at great length from the decision of the Supreme Court of New Jersey in the case of *Butts* v. *Brunner* (1958), 26 N. J. 82, 138 A. (2d) 713, 60 A. L. R. (2d) 1331. This is the minority view, and the overwhelming weight of authority upholds counsel's right to suggest to a jury in argument an amount on a per diem basis for pain and suffering and permanent injuries as was done here." (Citing cases)

See, also, *Kindler* v. *Edwards* (1955), 126 Ind. App. 261, 130 N. E. (2d) 491; *New York Central Railroad Company* v. *Milhiser* (1952), 231 Ind. 180, 106 N. E. (2d) 453; *Southern Indiana Gas and Electric Company* v. *Bone* (1962), 135 Ind. App. 531, 180 N. E. (2d) 375. (Transfer denied)

From an examination of the record evidence relative to damages sustained by the appellee as the result of the collision in question, we are of the opinion that the amount of damages as reflected by the verdict of the jury is not so grossly and outrageously excessive as to induce the belief that they were the result of prejudice, partiality or corruption. We are also of the opinion that the jury was fully and properly instructed under the law of this state, concerning the elements of damages to be considered by the jury in assessing the amount of damages.

For reasons stated herein we are of the opinion that the instructions submitted to the jury fully and fairly instructed the jury on all of the issues of the case. We are also of the opinion that there was no error in refusing certain instructions tendered by the appellants—some of them were erroneous and others not applicable under the issues and the evidence. As to those that were correct and applicable, it is clear that they were substantially covered by other instruc-

tions submitted by the court, and under such circumstances it was not error to refuse them.

The ruling on the motion for a new trial was correct.

Judgment affirmed.

Bierly, C. J., Hunter and Mote, JJ. concur.

NOTE.—Reported in 211 N. E. 2d 781.