Calvin CURTIS, Jr., Plaintiff-Appellee,

v.

GREENSTEIN TRUCKING COMPANY, Inc., and David E. Johnson, Defendants-Appellants.

No. 16552.

United States Court of Appeals
Seventh Circuit.

June 14, 1968.

Robert S. Smith, Eugene O. Maley, Indianapolis, Ind., for appellant. John H. Douglas, Indianapolis, Ind., Smith, Maley & Douglas, Indianapolis, Ind., of counsel.

Max Warren Cook, Indianapolis, Ind., for appellee.

Before SCHNACKENBERG, KILEY and FAIRCHILD, Circuit Judges.

KILEY, Circuit Judge.

This is a diversity personal injury action arising from the collision of two

tractor-trailer units on an Indiana highway. Verdict and judgment were for plaintiff and defendant has appealed. We affirm.

The collision occurred in the early morning of September 28, 1964, on U. S. Highway 6 where it passes over U. S. Highway 41 near Hammond, Indiana. Plantiff, a resident of Indiana, was driving a tractor-trailer east en route from Waupaca, Wisconsin, to Indianapolis. Plaintiff's vehicle collided with the rear of defendant's trailer in the outside lane of the four lane highway.

Defendants contend that the district court erred in denying their motion for a directed verdict or for judgment notwithstanding the verdict. They argue that viewing the evidence most favorably to the plaintiff the only reasonable conclusions are that plaintiff's injuries were not proximately caused by any negligence on the part of the defendants, and that plaintiff was guilty of contributory negligence as a matter of law. The defendants also contend that the court erred in denying their motion for a new trial because plaintiff's counsel was guilty of prejudicial misconduct and because the jury returned an excessive verdict.

The pleadings raised the issues: whether defendants were negligent in stopping their vehicle on Highway 6 in violation of Indiana statutes or by driving their vehicle backwards without appropriate signal or warning; whether if the defendants were negligent in one of those respects, that negligence proximately caused plaintiff's injury; and whether plaintiff was contributorily negligent in failing to keep a proper lookout, in failing to keep his vehicle in reasonable control so as to avoid the collision, and in following too closely.

The evidence and inferences most favorable for plaintiff show the following: Visibility was good and the pavement was dry as plaintiff drove east in the outside lane of Highway 6, following a flat bed truck with a bulky load covered by canvas. As plaintiff approached the "turn-off" from Route 6 to Route 41, he was going about 30 or 35 miles an hour and was 160 feet behind and "slowly overtaking" the truck ahead. About 25 feet past the "turn-off" the truck ahead veered to the left and "at that instant" plaintiff saw defendants' tractor-trailer "sitting there" or "backing up" with ordinary running lights on but no emergency lights flashing. He slammed on his "new brakes" and attempted to turn left to avoid a collision but the front right of his tractor hit the left rear of defendants' truck.

On this evidence we think the jury was entitled to find that the defendant truck driver was negligent in stopping his truck on the highway, in violation of Indiana law,[1] without warning or when such action could not be taken with reasonable safety, or when it was

---

1. Burns' Indiana Statutes Annotated, Sec. 47–2023:

   (a) No person shall * * * stop a vehicle * * * unless and until such movement can be made with reasonable safety, and then only * * * after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement.

   *　　*　　*　　*　　*

   (c) No person shall stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal in the manner provided herein to the driver of any vehicle immediately to the rear when there is opportunity to give such signal.

Burns' Indiana Statutes Annotated, Sec. 47–2120:

   (a) Upon a highway outside of a business or residence district, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in any event, a sufficient unobstructed width of the roadway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon such highway.

practicable to stop elsewhere, and that the negligence was the proximate cause of the collision.

Neither the rule in Drohan v. Standard Oil Co., 7 Cir., 168 F.2d 761, nor in Hayes Freight Lines v. Wilson, 226 Ind. 1, 77 N.E.2d 580, has application here. In *Drohan* this court approved an instruction explaining the law concerning independent intervening causes. That case has no relation to the question of whether defendant was entitled to a directed verdict on the evidence here. And the facts in the *Hayes* case have no similarity to the facts of this case.

Defendant bases his argument that plaintiff was guilty of contributory negligence as a matter of law on his allegation that plaintiff was following too closely in violation of Indiana law[2] which prohibits a tractor-trailer from following within 300 feet of another tractor-trailer.

■ The favorable testimony for plaintiff is that he was slowly overtaking the truck ahead with the intention to pass it. Plaintiff's conduct therefore is within the express exception—for "overtaking and passing"—to the prohibition against following another truck at a distance of less than 300 feet.

The fact that the plaintiff did not signal his intention to pass does not preclude the jury's conclusion, from his testimony, that he intended to pass. The jury could have thought he was not yet close enough to give a signal of his intention to pass.

■■ One witness testified that he did not see a truck between plaintiff's truck and defendant's truck, but the jury was not required, in the face of conflicting evidence, to find, as defendants argue, that there was no flat bed truck

preceding plaintiff or that it was a "mystery" vehicle. We think these were questions for the jury. The question of plaintiff's negligence in failing to keep proper lookout was also for the jury. Toenges v. Walter, 109 Ind.App. 41, 32 N.E.2d 95; Pfisterer v. Key, 218 Ind. 521, 33 N.E.2d 330, 334.

Defendants complain of the district court's failure to grant their motion for a new trial. The grounds urged on appeal to support defendants' request for a new trial were all argued to the district judge in defendants' motion below. It is argued that plaintiff's counsel committed prejudicial error by repeatedly asking objectionable questions, thereby forcing defendants' counsel to make many objections; and that this made it appear to the jury that defendants were attempting to cover up the truth.

■■ During the course of a three day trial defendants made sixty objections of which only seven were overruled. These figures do not, however, on their face indicate a course of conduct so prejudicial to defendants' interests as to automatically require a new trial. Moreover, the record reveals that many of the objections were merely to the form of questions, rather than to the admissibility of the evidence sought to be elicited. Under these circumstances the district court was in a better position than this court to determine whether the conduct relied on had a prejudicial effect on the jury, and we approve its decision that it did not have such an effect.

■ Defendants also argue that a new trial was required because plaintiff attempted to inform the jury that the nominal defendants in the case were protected by insurance coverage and that the actual party in interest in the litigation

---

2. Burns' Indiana Statutes Annotated, Sec. 47–2019:

   (b) The driver of any motor truck or motor truck drawing another vehicle or tractor-trailer combination, when traveling upon a roadway outside of a business or residence district shall not follow within three hundred (300) feet of another motor truck, motor truck drawing another vehicle, or a tractor-trailer combination. The provisions of this sub-section shall not be construed to prevent overtaking and passing, nor shall the same apply upon any lane especially designated for use by motor trucks.

was an insurance company. At the trial plaintiff asked the defendant truck driver and another truck driver whether they had any financial interest in the outcome of the case. Both replied that they did not, and defendants made no objection. In closing argument plaintiff's counsel repeated these questions and answers to the jury and also pointed out that Greenstein Trucking Company did not have a representative present in court. The district judge immediately interrupted the argument, admonished counsel to refrain from appeals to passion and prejudice, and instructed the jury to "disregard that as a pure appeal to passion itself." The defendants again made no objection.

The district court interpreted plaintiff's counsel's conduct as a deliberate impropriety which did not serve the interests of his client or of justice. We are not persuaded the district court misinterpreted the conduct. The question before us then is whether this improper conduct resulted in prejudice to the defendants necessitating a new trial. We have concluded that a new trial is not necessary.

Defendants made no objection to the conduct of plaintiff's counsel until after the trial, and insurance was not directly mentioned at any time. Furthermore, when the improper nature of plaintiff's closing argument became clear, the district judge immediately intervened by reprimanding counsel and instructing the jury to disregard the improper comments. A review of the evidence reveals that the jury's verdict for plaintiff and award of $11,000 is well within the range of testimony and is reasonable. Under these circumstances we approve the district court's on the spot determination that the defendants were not prejudiced by the improper conduct of plaintiff's counsel.

We see no merit in defendants' argument that a new trial must be granted because the $11,000 verdict is "excessive." We have already said that in the light of the evidence this verdict is not unreasonable.

Plaintiff when injured was 37 years old, had an eighth grade education, was a long distance truck driver, married and father of four children ages 8, 11, 16 and 20, earning about $4,000 per year. His health had been good. He testified that as a result of the collision he was thrown against the dashboard, injuring his head, neck, knee, hip and back. He had several weeks of therapy and testified that he was unable to do any work except odd jobs during that period, was unable to do "productive work" for several months, and because of fear and discomfort in driving was unable to return to long distance truck driving until 1966. He testified that since the accident he suffered pain from the knee injury, severe headaches, a neck injury which "swells up" when he gets "nervous or anything like that" and that he has difficulty sleeping so that he takes drugs and pain relievers occasionally.

A doctor testified at the trial that these subjective symptoms indicate a "post-concussion syndrome following cerebral concussion," likely to be permanent since they continued to the trial in May, 1967. This witness also said that plaintiff had a severe whiplash injury of the cervical spine area which restricted hip action.

We find no prejudicial error and no abuse of discretion in the district court's denial of defendants' motion for new trial.

The judgment is affirmed.